PER CURIAM.
Defendant, Jessica Carter, appeals the denial of her motion to withdraw her guilty plea to second degree murder on the ground that the plea was not freely or voluntarily tendered in that she was not advised as to the elements of the crime to which she entered her guilty plea.
Jessica Carter was indicted for first degree murder. She retained private counsel to represent her and initially pled not guilty. Subsequently, her counsel entered into plea negotiations with the prosecution; and upon counsel’s recommendation, Carter *969 withdrew her not guilty plea and tendered a guilty plea to second degree murder. At the ensuing sentencing hearing, Carter, now represented by the office of the public defender, moved to withdraw her guilty plea and to reinstate her plea of not guilty. After hearing the testimony of Carter and her former counsel, the court denied the motion to withdraw and sentenced her to 10 years imprisonment.
The record reflects that Carter is a college student of average intellectual capacity. The transcript of the plea colloquy adequately illustrates that she answered in the affirmative as to the voluntariness of the plea and that the elements of the crime of second degree murder (to which she stated that she was tendering her guilty plea) were read to her. The voluntariness of her plea is further reflected by the testimony rendered by the defendant and her former privately retained counsel at the hearing on her motion to withdraw her guilty plea. Carter admitted shooting the victim. Her former counsel testified that although he recommended plea negotiations with the prosecution, he would still be willing to go to trial.
The burden is upon the defendant who moves to withdraw a previously tendered guilty plea to demonstrate that such plea was infected by her misapprehension, undue persuasion, promise, mistake, fraud, inadvertence or ignorance, or was entered by one not competent to know its consequence or was otherwise involuntary, or where it appears that the ends of justice .would be served by the withdrawal of such a plea. State v. Braverman, 348 So.2d 1183 (Fla.3d DCA 1977).
Jessica Carter having failed to demonstrate any of the above reasons to set aside her previously tendered guilty plea to second degree murder, the judgment of conviction and sentence are affirmed.
Affirmed.