DOWNEY, Chief Judge.
After his plea of guilty to second degree murder was accepted by the Court, appellant had a change of heart and sought to withdraw his plea. The grounds for said motion were: 1) he deferred to the judgment of his lawyer who represented to him that he was getting a good deal, and 2) he was reluctant to spend several months in jail awaiting trial. After an evidentiary hearing the trial court denied the motion to withdraw the plea and this appeal ensued. The judicial error designated by appellant is the failure to allow him to withdraw his guilty plea.
Initially, the state contends that appellant cannot maintain this appeal because he pled guilty. The state relies upon Section 924.06(3), Florida Statutes (Supp.1976), and Florida Appellate Rule 9.140(b), both of which state that a defendant may not appeal from a judgment entered upon a plea of guilty. Predictably, the cases following the statute and rule are cases in which the guilty plea is followed by a judgment and sentence with nothing intervening.[1] The rationale of the rule and statute would seem to be that the guilty plea having waived all non-jurisdictional errors in the case, there is nothing to appeal.
However, in the case at bar appellant moved to withdraw the guilty plea on grounds which he considered made the plea involuntary. After considering the evidence adduced in support of said motion, the trial court denied the motion and proceeded to sentence appellant. We do not believe either the statute or the rule applies to a case where the error assigned on appeal is the denial of a motion to withdraw a plea of guilty; a judicial act which post dates the guilty plea and the acceptance thereof by the Court. In those instances the trial court has had an opportunity to correct its own error and we see no reason to hold that appellate review is not available to the defendant. Although applicability of the aforementioned statute and rule was not mentioned therein, we note two cases in which review by appeal has been allowed although the appellant had pled guilty in the trial court. Holmes v. State, 374 So.2d 944 (Fla.1979); Carter v. State, 369 So.2d 968 (Fla.3rd DCA 1979). In view of the foregoing, we deem it proper to consider the appeal on the merits.
We have carefully considered appellant’s contentions and find them to be without merit. Appellant had the guidance of counsel, the meticulous instruction of the trial judge as to his rights and was given adequate time to consider his options. To put it in the vernacular, “the bottom line” was appellant did not want to have to spend more time in jail awaiting trial.
Since we find no abuse of discretion in the trial judge’s ruling on the motion to withdraw the guilty plea, we affirm the judgment and sentence appealed from.
LETTS and MOORE, JJ., concur.

. Bryant v. State, 360 So.2d 146 (Fla.2d DCA 1978); Walton v. State, 360 So.2d 50 (Fla.2d DCA 1978); Honeycutt v. State, 359 So.2d 503 (Fla.2d DCA 1978).