376 So.2d 59 (1979)
Pamela J. COUNTS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1679.
District Court of Appeal of Florida, Second District.
October 26, 1979.
Jack O. Johnson, Public Defender, James R. Wulchak, Asst. Public Defender, and Charles L. Stutts, Legal Intern, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The appellant seeks to appeal from a judgment and sentence entered on her plea of guilty to a charge of robbery. The public defender has moved to withdraw as appointed counsel for appellant pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the basis that there are no meritorious grounds for an appeal.[1] We perceive a threshold jurisdictional question, however, and dismiss the appeal.
Pamela J. Counts pled guilty to a charge of robbery. After outlining those constitutional rights which Counts was waiving, the trial judge informed her of the maximum penalty for the crime and found a factual basis for her plea. He further found that Counts, who had two years of college, had entered her plea voluntarily and that she was satisfied with her counsel.
Florida Rule of Criminal Procedure 3.172(c)(iv) provides that if a criminal defendant pleads guilty, "he gives up his right to appeal all matters relating to the judgment, *60 including the issue of guilt or innocence, but he does not impair his right to review by appropriate collateral attack." Similarly, Florida Rule of Appellate Procedure 9.140(b) provides that "[a] defendant may not appeal from a judgment entered upon a plea of guilty... ."
In Robinson v. State, 373 So.2d 898, 902 (Fla. 1979), the supreme court stated that an appeal following a guilty plea is limited to "an exclusive and limited class of issues which occur contemporaneously with the entry of the plea... ." The court then listed four types of issues which might provide a proper basis for an appeal following a guilty plea: subject matter jurisdiction issues; questions concerning the illegality of the sentence; the failure of the government to abide by the plea agreement; and questions concerning the voluntary and intelligent character of the plea. Id. The only issue which might apply to the present appeal is the question of the voluntariness of the plea. Counts, however, did not move to withdraw her guilty plea in the trial court. Such a motion is a prerequisite to a direct appeal challenging the voluntariness of that plea. In Robinson the court stated:
Furthermore, we find that an appeal from a guilty plea should never be a substitute for a motion to withdraw a plea. If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. If the action of the trial court on such motion were adverse to the defendant, it would be subject to review on direct appeal.
Id.
The purposes of requiring a motion to withdraw the guilty plea as a prerequisite to an appeal are obvious. This procedure enables the trial judge to pass on any points raised and establishes a record on which an appellate court may base an informed and reasoned disposition of the appeal.[2] Were it not for this record of the motion hearing, the only evidence of voluntariness in the vast majority of appeals would be the colloquy between the trial judge and the defendant. In most instances, therefore, the appellate court would not have a sufficient basis to render an informed decision on the issue of voluntariness. By requiring the defendant to make a prior motion to withdraw, however, the question of voluntariness will first be put to the trial court which can conduct an evidentiary hearing, and, if necessary, entertain collateral evidence in support of the defendant's position. If a trial court rules against the defendant on the motion to withdraw, that decision may be challenged upon appeal from the judgment and sentence. This procedure is consistent with the recent opinion in Hollis v. State, 374 So.2d 1164 (Fla. 4th DCA 1979), where the court reviewed a trial court's denial of the appellant's motion to withdraw a plea on the grounds that the plea was allegedly made involuntarily.
An additional reason supports not allowing direct appeals on the issue of voluntariness from judgments entered upon guilty pleas. If a defendant is permitted to raise voluntariness on any appeal, and he does, in fact, appeal, he might find himself precluded from raising the question of voluntariness in a subsequent collateral attack on the judgment pursuant to Florida Rule of Criminal Procedure 3.850. See Ashley v. State, 350 So.2d 839 (Fla. 1st DCA 1977). We do not believe this would be a desirable result in that the Rule 3.850 motion serves as a useful vehicle for obtaining review of the voluntariness question because of the evidentiary hearing which the trial court can accord the defendant under Rule 3.850.
*61 We hold that since Counts has not made a prior motion to withdraw her guilty plea, we cannot reach the question of voluntariness on this appeal. Accordingly, we dismiss this appeal without prejudice to Counts' subsequent filing of a Rule 3.850 motion in the trial court challenging the voluntariness of her plea.
GRIMES, C.J., and OTT, J., concur.
NOTES
[1] The public defender suggests in the Anders brief that, arguably, there may be an issue concerning the voluntariness of appellant's plea. He concludes, however, that the record of the trial court does not support such a contention.
[2] The only methods by which the question of voluntariness may be presented to an appellate court are on appeal following the denial of a prior motion to withdraw, or an appeal from an adverse decision on a motion made pursuant to Florida Rule of Criminal Procedure 3.850. In either instance, the trial court has the option of according the defendant an evidentiary hearing, and allowing the defendant to bring in collateral evidence to support his position. Therefore, when the question is presented to the appellate court under either procedure, the court will have an adequate record before it on which to base an informed decision.