388 So.2d 1352 (1980)
Anthony Henry FICK, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2208/T4-245.
District Court of Appeal of Florida, Fifth District.
October 15, 1980.
Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant complains that the trial court erred in accepting his guilty plea. After filing his notice of appeal, the appellant filed in the trial court a motion to withdraw his plea which was treated as a Fla.R.Crim.P. 3.850 motion for post-conviction relief and denied. The Public Defender has filed an Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) motion and brief representing to this court that no reversible error appears and requesting leave to withdraw as counsel for appellant. This court gave appellant thirty (30) days within which to file a brief in his own behalf. None was filed. We have reviewed counsel's brief and examined the record and find the case is without merit. Issues concerning the voluntary nature or intelligent character of a plea must always be first presented to the trial court for relief on a motion to withdraw the plea and then an appeal taken to review an adverse *1353 ruling. Robinson v. State, 373 So.2d 898 (Fla. 1979); Counts v. State, 376 So.2d 59 (Fla.2d DCA 1979). A trial court has no jurisdiction to consider such a motion after an appeal has been commenced. Brooks v. State, 209 So.2d 271 (Fla.1st DCA 1968); Barton v. State, 193 So.2d 627 (Fla.2d DCA 1966).
The Public Defender's motion to withdraw is granted and the judgment and sentence is
AFFIRMED.
DAUKSCH, C.J., and SHARP, J., concur.