PER CURIAM.
Floyd raises two points in his appeal of the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post conviction relief. We reverse and remand.
First, he argues he was given a five year sentence in open court, but his commitment papers reflect a fifteen year split sentence. He is to serve five years in prison followed by ten years on probation. He states he pleaded guilty pursuant to an understanding with his attorney that he would receive a five year sentence. This contention is refuted by the express language of the written plea of guilty form signed by appellant, a copy of which appears attached to the trial court’s order denying his motion. We find no reversible error on this point.
Appellant correctly argues, however, that the trial court erred in sentencing him to a period of incarceration equal to or in excess of one year on a split sentence. See Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981). Therefore we reverse the trial court’s denial of his motion for post conviction relief and remand the cause to the trial court for resentencing to comply with Villery, supra.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.