442 So.2d 296 (1983)
Phillip A. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1293.
District Court of Appeal of Florida, Second District.
November 30, 1983.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Pursuant to a plea bargain, Phillip A. Thomas pled guilty to charges of robbery, aggravated battery, and carrying a concealed firearm. The plea bargain contemplated that Thomas could receive any sentence from probation up to twenty years in prison with all three counts to run concurrently. Thomas was then adjudged guilty. Subsequently, at sentencing the court ordered that Thomas serve fifteen years for robbery, five years consecutive for aggravated battery, and three years for carrying a concealed firearm to run concurrently with the prior sentences. Thomas directly appeals to this court, arguing that the consecutive sentence violates the plea agreement.
*297 The record reflects that Thomas did not object at the time of the imposition of the sentence, nor did he move to withdraw his plea. Any alleged infirmity concerning the intelligent or voluntary nature of a plea must first be raised in the trial court. Thomas should move the court to reconsider its ruling or permit him to withdraw his plea. If Thomas is aggrieved by the court's decision, he can then seek review from this court. Robinson v. State, 373 So.2d 898 (Fla. 1979); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
Accordingly, the judgment and sentence are affirmed without prejudice to Thomas' filing of an appropriate motion under Florida Rule of Criminal Procedure 3.850 in the trial court.
BOARDMAN, A.C.J., and RYDER, J., concur.