445 So.2d 1121 (1984)
Steven R. MATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-652.
District Court of Appeal of Florida, Fifth District.
March 1, 1984.
Rehearing Denied March 1, 1984.
James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
ORFINGER, Chief Judge.
The opinion previously issued on October 13, 1983, is withdrawn, and the following opinion is substituted in its stead.
Defendant appeals from what he contends is a discrepancy between the trial court's oral pronouncement that his sentence would be concurrent to any other sentence being served, and the written judgment and sentence which provided that his sentence here be consecutive to any such sentence.
The State conceded the discrepancy in its brief and agreed that "[g]iven the fact that the sentence rendered does not conform to the announced intention of the trial court, remand appears necessary for correction of the discrepancy/clerical error." Based on the transcript and the State's concession that a discrepancy existed, we vacated the sentence and remanded the case to the trial court for imposition of sentence consistent with what both the defendant and the State represented had been pronounced in open court. By petition for rehearing, the State belatedly advised us that the transcript was incorrect; that the court reporter had erroneously transcribed her notes to indicate the pronouncement of a concurrent sentence when in fact the trial court had announced in open court that the sentence would be consecutive to any other sentence being served. The State's motion was supported by an affidavit from the court reporter. We were requested to correct the record on appeal and to withdraw our opinion.
After considering appellant's response to the State's motion, we relinquished jurisdiction to the trial court for the purpose of conducting a hearing and thereafter to rule on the State's Motion to Correct Record on Appeal. The trial court has held such hearing and has entered an order finding that the original transcription of the reporter's notes was erroneous, and that in fact the court imposed a consecutive sentence in *1122 open court. The transcript of the sentencing hearing has been corrected by substituting a corrected page to conform to the reporter's affidavit and the trial court's ruling.
It appears that there is no discrepancy between the oral pronouncement in open court and the written sentence and because no other error is demonstrated, the judgment and sentence are affirmed.
AFFIRMED.
COBB, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
This is a good example of a bad case. After pleading guilty to a felony, appellant was placed on probation. After pleading guilty to violating his probation, it was revoked and he was sentenced to five years in prison. There was no complaint made in the trial court as to any error there. There was no legal error made there. This case should not have been appealed but, appeals being free, it was. Counsel appointed for the unnecessary appeal ordered a transcript of the probation revocation hearing and of the sentencing hearing and searched them for error. The only point presented on appeal was a "discrepancy" which appellate counsel had found between the transcript of the sentencing which read that the prison sentence "shall run concurrent from which is now being served" (sic) and the formal recorded final judgment and sentence which provided that the sentence was to run consecutive to any active sentence being served. The appeal should have then been dismissed or a PCA entered because the matter of the discrepancy had not been presented to the trial court for resolution and correction prior to the appeal. Obviously it was not, and could not have been presented to the trial court before the appeal because the "discrepancy" did not even exist before the appeal was filed. This is so because the discrepancy was between the formal written judgment and sentence entered and rendered April 8, 1982, and the later typed transcript of the sentencing hearing that was prepared on May 20, 1982, for purpose of this appeal. Furthermore, the sentence, whether it was consecutive or concurrent, was lawful and therefore not subject to being vacated on appeal in either event. However, based on a concession by the State this court assumed that judicial error had occurred, adjudicated that the formal written judgment and sentence was in error because it varied from the transcript of the sentencing hearing and, without reversing the judgment and without vacating the sentence[1] or other definitive appellate action, remanded with directions to the trial court to correct the formal written sentence to conform to the transcript of the sentencing hearing.
After a relinquishment of jurisdiction to the trial court and extensive hearings there on a State's motion to correct the record on appeal the State now makes another concession: the formal written judgment and sentence has been found to be correct and the transcript of the sentencing hearing has been found to be in error! The majority now affirms the judgment and sentence and withdraws the original majority opinion. The original opinion should not be withdrawn because the only precedential value of all of this unnecessary appellate and trial court labor is that the original opinion, the dissent to it, the majority opinion on the motion for rehearing and this dissent, serves well to illustrate the validity of the following propositions or principles:
(1) This case and Strickland v. State, 437 So.2d 150 (Fla. 1983), demonstrate that a conclusory concession as to judicial error below, made by a party on appeal, is a most unsatisfactory and dangerous basis for appellate judicial action.
*1123 (2) There is wisdom in the rule of law that claims of clerical error or discrepancy and judicial inadvertence in the trial court should not be initially presented on appeal but should be first presented to the trial court for correction and trial court action on that claim reviewed on appeal.
(3) When a discrepancy or other matter exists that may have resulted from two or more causes, it should not be assumed that it resulted from one particular cause.
(4) Appellate courts should properly perform the function of reviewing for judicial error matters first presented to the trial court for consideration (particularly when that matter is the correction of claimed discrepancies or inconsistencies involving trial court proceedings or records) and should only take dispositive appellate action and should not administratively supervise the trial court and should not merely remand with direction to the trial judge to take specified judicial action based on an assumption of trial court error as to some matter not previously properly presented to the trial court for consideration and correction.
NOTES
[1] The reader can see for himself that the original opinion did not vacate the sentence because that opinion and the dissent to it is published in Matson v. State, No. 82-652 (Fla. 5th DCA October 13, 1983) [1983 FLW 2518]. One of the reasons for the dissent to the original majority opinion was that this court remanded without first vacating the sentence as being illegal or taking other definitive appellate action.