449 So.2d 319 (1984)
Connie Sue GAMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1119.
District Court of Appeal of Florida, Fifth District.
March 29, 1984.
*320 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
In this appeal from a judgment of conviction and sentence, appellant contends that the court did not honor the plea agreement by virtue of which she changed her original plea of "not guilty" and pleaded "guilty" instead. We reverse.
The agreement with the State for appellant's plea was that on one count she would be sentenced to time served, and on the other count adjudication of guilt would be withheld and she would be placed on probation, one condition of which would be that she would serve fifty-one weeks in the county jail. The trial court accepted the plea based on these negotiations, subject only to appellant's cooperation with the State as agreed, and to receipt of a presentence investigation. No other conditions were suggested by the court nor made a part of the plea bargain. There is no contention that defendant violated any of the stated conditions  only that she did not appear for sentencing, which clearly was not a condition upon which the plea was accepted. Appellant failed to appear at the appointed time for her sentencing and when later apprehended and brought to sentencing, her counsel asked the court to recall the plea discussions. The trial court replied, "I do, and they also called for her to appear in court for sentencing, which she refused to do" and, thereupon, appellant was adjudicated guilty and sentenced to two concurrent five-year prison terms.
We must first determine if we have jurisdiction to consider this appeal because of the provisions of Florida Rule of Appellate Procedure 9.140(b), which provides that a defendant may not appeal from a judgment entered on a plea of guilty. See also, Fla.R.Crim.P. 3.172(c)(iv) and § 924.06(3), Fla. Stat. (1981).
*321 In Robinson v. State, 373 So.2d 898 (Fla. 1979), the supreme court held that:
... There is an exclusive and limited class of issues which occur contemporaneously with the entry of the plea that may be the proper subject of an appeal. To our knowledge, they would include only the following: (1) the subject matter jurisdiction, (2) the illegality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea... .
Id. at 902.
In Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979), the court held that where it was contended that the plea was not voluntarily or intelligently made, the adjudication could not be appealed, but the defendant must first file a motion in the trial court to withdraw the plea, following which an appeal could be taken from an adverse ruling on the motion. This court has agreed with the rationale of Counts, and has dismissed appeals taken from both guilty pleas and pleas of nolo contendere. See, e.g., Byrd v. State, 419 So.2d 725 (Fla. 5th DCA 1982); Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981).
In Counts, the court found that the only appealable issue which might apply was the question of the voluntary and intelligent character of the plea. This is one of the four issues which Robinson recognizes as subject to review following a guilty plea. The Counts court held, and we agree, that where the issue is the voluntary and intelligent character of the plea,
[T]he purposes of requiring a motion to withdraw the guilty plea as a prerequisite to an appeal are obvious. This procedure enables the trial judge to pass on any points raised and establishes a record on which an appellate court may base an informed and reasoned disposition of the appeal. Were it not for this record of the motion hearing, the only evidence of voluntariness in the vast majority of appeals would be the colloquy between the trial judge and the defendant. In most instances, therefore, the appellate court would not have a sufficient basis to render an informed decision on the issue of voluntariness. By requiring the defendant to make a prior motion to withdraw, however, the question of voluntariness will first be put to the trial court which can conduct an evidentiary hearing, and, if necessary, entertain collateral evidence in support of the defendant's position. If a trial court rules against the defendant on the motion to withdraw, that decision may be challenged upon appeal from the judgment and sentence.
376 So.2d at 60.
The absence of an adequate record when the issue is the voluntary and intelligent nature of the plea is not the problem here. In this case, the record of the plea bargain is clear, as is the trial court's acceptance of it upon the conditions mentioned. No condition was imposed on acceptance that appellant be present for sentencing or "all bets are off." The trial court's recollection that such a condition was imposed is not supported by the transcript of the plea hearing. Thus this case is distinguishable from the recent case of Parker v. State, 446 So.2d 250 (Fla. 5th DCA 1984) where the condition that defendant appear for sentencing was clearly imposed on and accepted by defendant as part of the plea bargain.
The acceptance of a tendered guilty plea places the accused in jeopardy and prohibits the vacating of that plea without legal cause. Reyes v. Kelly, 224 So.2d 303 (Fla. 1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970). Although jeopardy has attached, if the plea is accepted conditionally and defendant fails to comply with the condition, the court is justified in vacating the plea. Brown v. State, 367 So.2d 616 (Fla. 1979). Misrepresentation to the court that the plea agreement has been complied with has been held to constitute good cause to vacate a sentence and the plea on which it was based. Lerman v. Cornelius, 423 So.2d 437 (Fla. 5th DCA 1982). However, notwithstanding the restrictions upon the setting aside of a *322 plea after acceptance by the court, the court is nevertheless not bound by any sentencing agreement, even if concurred in by the court as part of the plea bargain. State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978).
Nevertheless, when a trial judge approves or tentatively accepts a plea bargain and later decides not to include the concessions contemplated by the negotiations, he must first offer the defendant an opportunity to withdraw the plea. Davis v. State, 308 So.2d 27 (Fla. 1975). As noted by the Supreme Court,
... If for any reason the plea bargain is not carried out, the defendant has two alternatives: (1) he may withdraw his plea and proceed to a disposition of the matter without any of his admissions, statements, or other evidence given in the plea negotiations being used against him; or (2) he may agree to proceed with the guilty plea without being bound by any conditions or agreements. The result is that, if the trial judge decides not to fulfill the tentative plea agreement, the case is returned to the position it was in prior to the plea negotiations, thereby imposing no unfair disadvantage on a defendant.
308 So.2d at 29. See also, Folske v. State, 430 So.2d 574 (Fla. 5th DCA 1983); La Baissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983); Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979).
Here, the acceptance of the plea by the court was not conditioned upon defendant appearing for sentencing, so the trial court was not free to depart from the negotiated plea because of such non-appearance without first offering defendant an opportunity to withdraw it. Since it is clear from the record that the court was reminded of the negotiations, was aware of them and refused to go along with the negotiated sentence, we would only require the doing of a useless act were we to require that defendant file a formal motion to withdraw her plea. The trial court sufficiently indicated that such motion would be rejected.
The judgment of conviction and sentences are set aside and the case is remanded so that the trial court may either sentence appellant in accordance with the negotiated plea or offer the appellant an opportunity to withdraw her plea, and for such further proceedings as are consistent herewith.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979), comments on but one small reason (the ability to provide an evidentiary hearing as to the voluntariness on a motion to withdraw a plea) for the broader rule that any attack on a plea should be initiated in the trial court and appeal taken from an adverse ruling rather than for an appellate court to consider the attack for the first time on appeal. The broader reason for the rule is that appellate courts exist not to supervise trial courts but to review for judicial error occurring in the trial court. While a trial court may err in its initial action it is also the first level judicial forum provided by law for the correction of its own errors and until some claimed error is timely and properly called to the attention of the trial court and correction sought (by contemporaneous objection or otherwise by motion, etc.) and denied, the trial court has not legally erred justifying appellate review. Part of the reason for the rule inheres in a proper appreciation of the error reviewing authority of the trial court and for the respective functions of the two judicial levels. A disregard for the rule results in many matters being unnecessarily presented for appellate review that would have been corrected at the trial level if properly first presented there. There are enough deserving matters for appellate review without encouraging unnecessary appellate review by failing to exercise appellate restraint and by failing to require litigants to exhaust the error correcting jurisdiction of the trial court in accordance *323 with due process. What an appellate court eagerly assumes to be a clear record is often not clear and not incorrect when examined at the trial level. See Matson v. State, 445 So.2d 1121 (Fla. 5th DCA 1984).