The appellant seeks to appeal from a judgment and sentence entered on his plea of guilty to the charge of criminal possession of a forged instrument in the second degree, as proscribed by § 13A-9-6, Code of Alabama 1975. Willis contends that the record does not reflect a sufficient factual basis for his plea of guilty which was accompanied by a protestation of innocence.
In Johnson v. State, 480 So.2d 14, 17-18 (Ala.Cr.App. 1985), this court clearly held that, before an issue raising the validity of a guilty plea is cognizable in this court, the issue must be first presented to the trial court by timely objection, a motion to withdraw the guilty plea, or motion for new trial. "A review on appeal is limited to matters in which action by the trial court was invoked, except in case of ineradicable harm, and, then, the matter should be brought to the trial court's attention by a motion for a new trial [or, in the case of a guilty plea, by motion to withdraw the plea]."Id. at 17 (quoting Hammonds v. State, 354 So.2d 345, 348
(Ala.Cr.App. 1978)). It is for the trial court, which accepted the plea, to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.
The rationale for strict compliance with this procedural requirement is set forth in Gamble v. State, 449 So.2d 319
(Fla.Dist.Ct.App. 1984). There, the majority quoted the following excerpt from Counts v. State, 376 So.2d 59, 60 (Fla. Dist. Ct. App. 1979):
 "[T]he purposes of requiring a motion to withdraw the guilty plea as a prerequisite to an appeal are obvious. This procedure enables the trial judge to pass on any points raised and establishes a record on which an appellate court may base an informed and reasoned disposition of the appeal. Were it not for this record of the motion hearing, the only evidence of voluntariness in the vast majority of appeals would be the colloquy between the trial judge and the defendant. In most instances, therefore, the appellate court would not have a sufficient basis to render an informed decision on the issue of voluntariness. By requiring the defendant to make a prior motion to withdraw, however, the question of voluntariness will first be put to the trial court which can conduct an evidentiary hearing, and, if necessary, entertain collateral evidence in support of the defendant's position. If a trial court *Page 1325 
rules against the defendant on the motion to withdraw, that decision may be challenged upon appeal from the judgment and sentence."
449 So.2d at 321. While we consider this reasoning to be persuasive, we find the more apt expression of the rationale for the requirement of preservation in the dissenting opinion, which is quoted below in its entirety.
 "Counts v. State, 376 So.2d 59 (Fla.2d DCA 1979), comments on but one small reason (the ability to provide an evidentiary hearing as to the voluntariness on a motion to withdraw a plea) for the broader rule that any attack on a plea should be initiated in the trial court and appeal taken from an adverse ruling rather than for an appellate court to consider the attack for the first time on appeal. The broader reason for the rule is that appellate courts exist not to supervise trial courts but to review for judicial error occurring in the trial court. While a trial court may err in its initial action it is also the first level judicial forum provided by law for the correction of its own errors and until some claimed error is timely and properly called to the attention of the trial court and correction sought (by contemporaneous objection or otherwise by motion, etc.) and denied, the trial court has not legally erred justifying appellate review. Part of the reason for the rule inheres in a proper appreciation of the error reviewing authority of the trial court and for the respective functions of the two judicial levels. A disregard for the rule results in many matters being unnecessarily presented for appellate review that would have been corrected at the trial level if properly first presented there. There are enough deserving matters for appellate review without encouraging unnecessary appellate review by failing to exercise appellate restraint and by failing to require litigants to exhaust the error correcting jurisdiction of the trial court in accordance with due process. What an appellate court eagerly assumes to be a clear record is often not clear and not incorrect when examined at the trial level. See Matson v. State, 445 So.2d 1121 (Fla. 5th DCA 1984)."
449 So.2d at 322-23.
In the instant case, we find that the virtues of preservation prevail. Here, as in Johnson, we have no adverse ruling on the issue presented. While counsel moved for the trial court to reconsider Willis's sentence and Willis sent the court a letter requesting reconsideration of his sentence, these actions did not present to the trial court the issue which is now before us. See Johnson, 480 So.2d at 18. In fact, prior to accepting Willis's guilty plea, the trial court asked defense counsel (who is also appellate counsel) if he concurred with Willis's guilty plea, to which counsel answered, "Yes, sir, I do, Your Honor."
Accordingly, we hold that Willis's failure to present to the trial court the claimed error in timely manner precludes Willis from challenging his plea on appeal; therefore, the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.