BOWEN, Presiding Judge.
This is an appeal from the denial of a pro se petition for writ of error coram nobis. The petitioner challenges his guilty pleas, alleging the ineffective assistance of counsel.
The circuit court denied the petition “with leave for Defendant to file a motion to withdraw his guilty plea[s].”
A petition for writ of error coram nobis will not lie “where a remedy against the error complained of, though available, was deliberately or negligently not used at the trial that resulted in the contested judgment. In such cases petitioner is held to have waived his right to contest the judgment.” Comment, The Writ of Error Cor-am Nobis in Alabama, 2 Ala.L.Rev. 281, 289 (1950). Coram nobis is not a substitute for other remedies. Comment, Postconviction Remedies in Alabama, 29 Ala.L.Rev. 617, 635 (1978), and cases cited therein. Coram nobis is “a measure bom of necessity to afford accused a remedy against injustice when no avenue of judicial relief is, or ever was, available to him.” 24 C.J.S. Criminal Law § 1606(2) at pp. 667-68 (1961). Compare Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986), holding that an ap *874 pellant’s failure to present to the trial court the alleged error in his guilty plea by timely objection, a motion to withdraw the plea, or a motion for a new trial precluded the appellant from challenging that plea on direct appeal.
Here, the circuit court, in denying the coram nobis petition, has provided the petitioner with the alternative remedy of withdrawing his guilty plea. This, in effect, gives the petitioner the same relief to which he would be entitled had the petition been granted. Under these circumstances, the petition was properly denied.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.