PER CURIAM.
Newton entered a written plea of guilty to the offenses of attempted murder and possession of a firearm by a convicted felon. The plea stated, in pertinent part:
5. No one has promised me anything to get me to enter the plea(s), except
[[Image here]]
b. The prosecutor has agreed: A CAP OF 17 YEARS INCARCERATION (CAP OF GUIDELINES) TO BE FOLLOWED BY A PERIOD OF PROBATION NOT TO EXCEED 20 YEARS.
The trial court accepted the plea on February 24, 1986, and ordered that a pre-sen-tence investigation be prepared. On March 24, 1986, the trial court sentenced Newton, based upon his plea, to seventeen years of imprisonment to be followed by ten years of probation for attempted murder, and to a concurrent fifteen year sentence for the firearm possession charge. Newton then objected to the sentence as being outside of the terms of the plea bargain and the sentencing guidelines. He contended that under the terms of the plea agreement the aggregate sentence was not to exceed twenty years. The trial court rejected his contention and imposed sentence. Newton then filed this appeal. Finding that the sentence was properly imposed within the parameters of Newton’s written plea, we affirm.
Newton urges this court to either conform his sentence to a maximum of twenty years or vacate his guilty plea, contending, as he did below, that the sentence he received is more than he bargained for and that it exceeds the sentencing guidelines without written reasons to support it. The only substantive evidence he points to in support of his claim is the following *1272 portion of the transcripts of the sentencing hearing:
[Defense Counsel]: That’s what my concern is judge. The maximum exposure for Mr. Newton was supposed to be a total of twenty (20) years inclusive of the probationary period.
[The State]: As a practical matter I believe what the Court has done is within that maximum exposure because of gain time. If the Court would merely add that the total amount of supervision is not to exceed twenty (20) years actual time, that would cover it.
Newton asserts that this proves that the agreement contemplated a maximum total of twenty years. The state’s remark is not, however, an express concession of Newton’s allegation, and likely represents the state’s unwillingness to argue a point which would have very little practical significance.
Newton had the burden before the trial court of establishing that his plea was entered through mistake, inadvertence or ignorance. See Carter v. State, 369 So.2d 968 (Fla. 3d DCA 1979); State v. Braverman, 348 So.2d 1183 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 128 (Fla.1978). Other than the claims made by Newton’s attorney, Newton offered no evidence to the trial court to contradict the terms of his written plea. The state’s remarks at the sentencing hearing were, at best, ambiguous. The express terms of Newton’s written plea of guilty are clear and unambiguous. Thus, the trial court correctly found that Newton failed to meet his burden of proving that his plea was entered involuntarily due to mistake or inadvertence, and properly refused to allow Newton to withdraw his plea. See Floyd v. State, 402 So.2d 77 (Fla. 1st DCA 1981) (express terms of written plea refuted defendant’s claim on appeal that he was supposed to receive a less severe sentence than the one handed down); see also Trenary v. State, 473 So.2d 820 (Fla. 2d DCA 1985), review denied, 486 So.2d 598 (Fla.1986) (motion to withdraw plea within sound discretion of trial court). The plea agreement provided the trial court with a sufficient basis for exceeding the sentencing guidelines, see Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984); Key v. State, 452 So.2d 1147 (Fla. 5th DCA), review denied, 459 So.2d 1041 (Fla.1984), and since the sentence imposed by the trial court was within the bounds of the written plea, we find that it was completely proper. Therefore, we affirm the sentence.
We reject Newton’s contention that the court erred in assessing costs and withholding gain-time until he paid those costs.[1] At the time of Newton’s sentencing, the trial court was permitted to assess costs against Newton, and pursuant to section 27.3455(1), Florida Statutes (1985), Newton is not entitled to accrue gain-time until he pays those costs.[2] The trial court determined that Newton was indigent only for the cost of depositions and therefore the indigency exception contained in section 27.3455(1) is not applicable in this case.
Finally, we find no merit in the other assertions which were presented by Newton, pro se. Accordingly, the sentence under review is
Affirmed.

. Although Newton filed this motion for correction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), we treat the motion as a direct appeal from his sentence, as a rule 3.800 motion may only be filed with the court that imposed the alleged unlawful sentence, in this case the trial court.

. Section 27.3455(1) was amended in 1986 by deleting that portion of the statute which required a defendant to pay all cost and fees prior to being eligible to accrue gain-time.