TAYLOR, Judge.
Appellant A1 Jay Lockett was charged with escape in the first degree and with theft of a motor vehicle. In accordance with a plea-bargain agreement, Lockett entered a plea of guilty to attempted escape and was sentenced as a habitual offender to 15 years’ imprisonment. Count II of the indictment (theft of a motor vehicle) was dismissed.
His appeal presents to us a single issue: Whether there was a factual basis established before accepting his plea. This issue was never brought to the attention of the trial court. Without a timely objection or motion to withdraw the guilty plea, there is no adverse ruling for this court to review. Johnson v. State, 480 So.2d 14 (Ala.Cr.App.1985). A motion for new trial was filed by appellant, but it fails to raise the issue now before us.
A similar fact situation existed in Willis v. State, 500 So.2d 1324 (Ala.Cr.App. 1986). In Willis, as in this case, the appellant argued that the court’s failure to establish a factual basis for his guilty plea was reversible error. Willis, like Lockett here, failed to bring that issue to the attention of the trial court. In Willis, this court, speaking through Judge Patterson, held that the appellant’s “failure to present to the trial court the claimed error in [a] timely manner precludes [appellant] from challenging his plea on appeal.” Appellant’s failure to raise this issue before the trial court has precluded this court from reviewing his contention that a factual basis for his guilty plea was not made. The judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.