PER CURIAM.
The defendant, David Dawson, appeals from the trial court’s judgment and sentence, contending that in adjudicating him guilty the court violated his plea agreement. The defendant seeks to either have his sentence corrected to comport with his understanding of his plea or to be granted leave to withdraw his plea of no contest. He sought this relief in the trial court, but his motion was denied. See Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
The defendant contends that under the circumstances it was reasonable for him to believe that if his presentence investigation report (PSI) showed no prior criminal record and a current living status free of the defendant’s past problems, the trial court would withhold adjudication. The trial judge apparently did not have the same understanding as to that condition of the defendant’s plea, since he declined to withhold adjudication or give the defendant any relief despite a favorable PSI.
We have read the transcript of the defendant's plea and sentencing hearing. While the plea negotiations were not as explicit as we would like to see, we are persuaded that the defendant and his counsel were justified in believing that the trial judge would withhold adjudication unless the PSI was adverse. We have also examined the PSI, and it is as represented by the defendant and his counsel.
This case illustrates the need for an acknowledgment by the trial judge of any specific conditions of a plea tendered by a defendant. Here the trial judge apparently did not perceive the condition concerning the PSI in the same way as did the defendant and his counsel. While we do not fault the trial judge, we also cannot fault the defendant for his misapprehensions.
Therefore, we remand this case with instructions that the trial judge either sentence the defendant according to his under *347 standing of the plea agreement or allow the defendant to withdraw his plea.
SCHEB, A.C.J., and CAMPBELL and THREADGILL, JJ., concur.