Ricky James Bennefield pleaded guilty and was convicted for the possession of marijuana for personal use and for burglary in the third degree. He was given concurrent sentences of 12 months and 5 years (split with 16 months' imprisonment and 5 years' probation). On this appeal from those convictions, Bennefield argues that the trial court should have granted his motions to withdraw his guilty pleas.
 I
Bennefield argues that the record does not show that he was advised of the minimum and maximum range of punishment, and that the colloquy on the guilty pleas does not satisfy the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969). These objections were not raised in the circuit court.
In his motions to withdraw, Bennefield, through newly retained counsel, alleged that his court-appointed attorney "unduly and improperly influenced, persuaded, coerced, or caused Defendant to plead guilty," that the guilty plea "was unexpectedly forced upon the Defendant by said attorney . . . without any forewarning or reasonable opportunity to consider same," that "the Defendant was distraught and under great mental stress and emotional pressures," and that "the Defendant believed that he was innocent."
After hearing conflicting testimony on these issues, the circuit judge chose to believe Bennefield's court-appointed attorney and denied the motion to withdraw.
In circuit court, Bennefield did not argue that his guilty pleas failed to satisfy the requirements of Boykin. A defendant's failure to present to the trial court the claimed error in a timely manner precludes the defendant from challenging his guilty plea on appeal. Willis v. State,500 So.2d 1324, 1325 (Ala.Cr.App. 1986). See also Lockett v. State,522 So.2d 8 (Ala.Cr.App. 1987) ("Appellant's failure to raise this issue before the trial court has precluded this court from reviewing his contention that a factual basis for his guilty plea was *Page 189 
not made."); Benefield v. State, 513 So.2d 107 (Ala.Cr.App. 1987) (although judge informed accused of incorrect range of punishment, accused was precluded from raising objection on appeal where error was not presented to trial judge).
The rule and the principle of Willis are valid and have merit. " 'What an appellate court eagerly assumes to be a clear record is often not clear and not correct when examined at the trial level.' " Willis, 500 So.2d at 1325 (quoting Gamble v.State, 449 So.2d 319, 323 (Fla.Dist.Ct.App. 1984)). The extensive plea negotiations which occurred in this case lead this Court to believe that Bennefield knew exactly what he was doing when he pleaded guilty.
 II
Contrary to the allegations on appeal, Bennefield has failed to establish that his counsel was ineffective under the test ofStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). In this regard, Bennefield has not carried his burden of proof, and his allegations are not supported by the record.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.