W. SHARP, Judge.
In this case, Darden filed a 3.850 motion alleging his guilty plea was involuntary, his confession was illegally obtained, his right against self-incrimination was violated, a Brady[1] (discovery) violation, ineffective representation by trial counsel, and an illegal sentence. Before the trial judge rendered his denial, to which he attached a *1257 transcript of the sentencing and plea hearings, Darden filed a notice of appeal from his judgment and sentence with this court, which is presently pending.[2] Darden then appealed .the trial judge’s denial of his 3.850 motion.
Because Darden took his plenary appeal before the trial judge denied his 3.850 motion, the trial court lacked jurisdiction to act on the 3.850 motion. See Alexander v. State, 600 So.2d 572 (Fla. 2d DCA 1992); Harpham v. State, 415 So.2d 863 (Fla. 5th DCA 1982); Fick v. State, 388 So.2d 1352 (Fla. 5th DCA 1980). Accordingly, the ruling sought to be appealed in this case is a nullity. We quash the trial court’s order on Darden’s 3.850 motion, but note that Darden may appeal a later ruling after disposition of his plenary appeal.
QUASH ORDER; REMAND.
PETERSON and GRIFFIN, JJ., concur.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Case No. 92-981.