MONTIEL, Judge.
The appellant, James Edward Hudson, was indicted for the offenses of attempted murder, robbery in the first degree, rape in the first degree, and kidnapping in the first degree. The charges were consolidated for trial. The charge of kidnapping in the first degree was amended to charge kidnapping in the second degree. On March 16, 1992, the appellant pleaded guilty to the offenses of attempted murder and kidnapping in the second degree. The state nol prossed the remaining charges. The appellant was sentenced to 25 years’ imprisonment on the conviction for attempted murder and 20 years’ imprisonment on the conviction for kidnapping in the second degree. The sentences are to run concurrently. The appellant filed a motion to withdraw his guilty plea, a mo *388 tion to reconsider his sentence, and a motion for a new trial. These motions were denied by the trial court. The appellant raises two issues on appeal.
I
The appellant asserts that the trial court erred in denying his motion to withdraw his guilty plea. He offers several reasons for this assertion. First, he alleges that the trial court did not sufficiently ascertain whether the appellant understood the charges against him before accepting the guilty plea. Second, he asserts that in his motion to withdraw his guilty plea he indicated the existence of newly discovered evidence and the trial court erred in denying this motion without a hearing to determine whether that evidence was crucial. Last, he alleges that the trial court should have allowed him to withdraw his plea because the victim, his common-law wife, indicated that she had changed her mind and that she did not wish to prosecute the appellant.
The appellant stated the following grounds in his motion to withdraw his guilty plea:
“1. That the Motion to Withdraw the Plea is timely made.
“2. Other evidence has been discovered.
“3. It has come to the attention of the Defendant that the victim, C.T., has indicated that she does not want to prosecute Mr. Hudson, as they are husband and wife.
“4. That the victim, C.T., is the only principal and material witness of the State.” (R. 19.)
The appellant’s allegation that the trial court did not ascertain whether he sufficiently understood the nature of the charge is not stated as a ground for his motion to withdraw his plea nor as a ground for his motion for new trial or his motion for reconsideration of sentence. Neither did the appellant raise this ground by objection in his guilty plea hearing. Accordingly, this ground is not reviewable on appeal because it has not been presented to the trial court. Willis v. State, 500 So.2d 1324 (Ala.Crim.App.1986). We will not place the trial court in error for denying a motion on grounds which have not been presented to it.
The appellant alleges that the trial court was obligated to hear the newly discovered evidence to determine whether it was crucial to his case. The appellant did not state the nature of this newly discovered evidence in his motion to withdraw his plea. In fact, the appellant never elaborated on the nature of this newly discovered evidence anywhere in the record or on appeal. Thus, we find no abuse of the trial court’s discretion in denying the appellant’s motion to withdraw his plea on the basis that he has not “set forth good grounds to support it.” (R. 19.) See Ex parte Heaton, 542 So.2d 931 (Ala.1989).
Last, the appellant contends that the trial court should have allowed him to withdraw his plea because the victim had indicated she did not wish to pursue the prosecution of the appellant. While it is true that the victim indicated she did not want to see the appellant punished, her reasons were that she realized that she loved the appellant and that she felt he had acted under the influence of alcohol at the time of the offenses. She never stated that the appellant had not committed the offense. The trial court found that this was not a sufficient basis to allow the appellant to withdraw his guilty plea, especially given the severity of the offenses. We find no abuse of discretion in this decision.
II
The appellant contends that his sentence was too severe in light of the fact that the appellant has no prior felony convictions. The appellant pleaded guilty to attempted murder, which is a Class A felony. Ala.Code, § 13A-4-2(d)(l). The term of imprisonment for a Class A felony is “life or not more than 99 years or less than 10 years.” Ala.Code, § 13A-5-6(a)(l). The appellant also pleaded guilty to kidnapping in the second degree, which is a Class B felony. Ala.Code, § 13A-6-44(c). The term of imprisonment for a Class B felony is “not more than 20 years or less than 2 years.” Ala.Code, § 18A-5-6(a)(2).
The appellant was sentenced to 25 years’ imprisonment on the conviction for attempt *389 ed murder and 20 years’ imprisonment for the conviction for kidnapping in the second degree. Both of these sentences are within the statutory range of punishment and thus we will not disturb them on appeal. Shirah v. State, 555 So.2d 807 (Ala.Crim.App.1989).
We note that there is a discrepancy between the sentence imposed during the sentencing hearing and the sentence contained on the sentencing order for the conviction for kidnapping in the second degree. As noted above, kidnapping in the second degree is a Class B felony with a statutory range of punishment from 2 years’ to 20 years’ imprisonment. During the sentencing hearing, the trial court sentenced the appellant to 25 years’ imprisonment for the conviction for kidnapping in the second degree, which exceeds the maximum term provided by statute. The sentencing error was corrected, however, in the sentencing order, which orders the appellant to serve a sentence of 20 years’ imprisonment. No objection was raised to the incorrect sentence during the sentencing hearing or in any subsequent motions filed with the court and no mention of the error has been made on appeal. In fact, neither the appellant nor the state appears to be aware of the error. Both the state in its brief and the appellant in his brief indicate that the appellant received a sentence of 25 years’ imprisonment for the conviction of kidnapping in the second degree (and 25 years’ imprisonment for the attempted murder conviction), yet the appellant contends on appeal that that sentence is too severe based on his lack of prior felony convictions, not based on the fact that the sentence exceeds the maximum sentence allowed by statute. However, in the interest of judicial economy, we deem it necessary to address this issue.
It is clear from the record that, for the conviction of kidnapping in the second degree, the appellant received a sentence of 20 years’ imprisonment which is within the statutory range. The record reflects that during the guilty plea hearing, the trial court correctly informed the appellant of the range of punishment for a conviction of a Class B felony by specifying a range of 2 years’ imprisonment to 20 years’ imprisonment. (R. 5.) It appears that, during the sentencing hearing, the trial court inadvertently imposed an incorrect sentence of 25 years’ imprisonment. The trial court corrected the error on the sentencing order, which reflects a sentence of 20 years’ imprisonment on the kidnapping conviction. The appellant’s statement that he received a sentence of 25 years’ imprisonment for the conviction for kidnapping in the second degree appears to be an oversight on his part. The documentation subsequently filed with this court also indicates that the sentence was 20 years’ imprisonment. Thus, we conclude that the error was corrected and that there was no harm to the appellant.
AFFIRMED.
All the Judges concur.