W. SHARP, Judge,
dissenting.
I would grant appellant’s motion for rehearing because I think J.Y. preserved the constitutional issue for the purpose of this appeal, and this court’s disposition of the ease on the merits- is erroneous.
In my view, the record establishes that J.Y. “preserved” the issue of whether or not the juvenile escape statute is constitutional.[1] On April 14, 1992, J:Y. pled guilty to the delinquency charge pursuant to section 39.-061, involving his escape from a juvenile facility on January 27,1992. On. May 1,1992, the child’s public defender filed a motion to withdraw the guilty plea on the ground that the escape statute is unconstitutional, and at the time counsel allowed J.Y. to plead guilty, he was unaware of the new case law from the First District which held the statute unconstitutional.[2]
J.Y.’s motion to withdraw his plea was orally denied by the court at the May 4 hearing, although apparently no written order was entered. The judge said at that *36 hearing, after indicating she would deny the motion, that she was sure he could appeal the constitutional issue, if he so desired. The hearing concluded with an adjudication of delinquency because of the escape. J.Y.’s notice of appeal stated that he was appealing from the order entered after the disposition hearing and denial of his motion to withdraw his plea.
Public defenders operating with limited resources, including library facilities and access to computer-driven research, understandably may lag a few weeks behind awareness of case law issued by this court as well as other DCAs.[3] Although the D.P. decision was first published in Florida Law Weekly in an issue dated April 3, 1992, some delay in mailing, receipt and circulation (if any) to the attorneys in the public defenders office should be anticipated. This plea was entered only eleven days after the opinion in D.P. was printed in Florida Law Weekly, and long before it was published in the official reporters. It would have been somewhat surprising if J.Y.’s public defender had known of the D.P. decision on April 14, 1992. Thus, I think that J.Y. preserved the constitutionality of the escape statute as an issue in this appeal. See Ryals v. State, 516 So.2d 1092 (Fla. 5th DCA 1987); Hollis v. State, 374 So.2d 1164 (Fla. 5th DCA 1979).
As to the merits of this case, the record shows J.Y. left the Volusia House, a level VI juvenile detention facility on January 17, 1992. This was one of other prior escapes. Prior to the escape, he had been committed to a level VT facility by the juvenile judge.
In D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992), the court held that section 39.-061, Florida Statutes (Supp.1990) is unconstitutional because it impermissibly delegates to a state agency unguided discretion to define what the restrietiveness levels are from which an unauthorized departure may constitute a crime. See § 39.061 and 39.01(61), Fla.Stat. (Supp.1990). This same statutory scheme was in effect when J.Y. escaped and was adjudicated.[4]
Although not mentioned in Judge Miner’s opinion in D.P., under the statutory scheme in place when J.Y. and D.P. escaped, the juvenile court was then empowered to designate the restrietiveness level to which an offender was to be placed. See § 39.-052(3)(e)3, effective October 1, 1990.[5] However, this does not cure the unconstitutional delegation of powers problem. The power to define and declare what acts are criminal is strictly within the province of the Legislature,[6] except for the limited arena of criminal contempt, where the judiciary is given a limited power. Thus the invalid delegation of powers found in D.P., could not be cured by a partial delegation of the same invalid power to the juvenile judge. Neither branch of government has the authority to create criminal acts in this state.

. §§ 944.40 and 39.061, Fla.Stat. (Supp.1992).

. D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992).

. The First District is outside of J.Y.’s public defender'^ office’s jurisdiction.

. This constitutional defect may have been cured by amendments effective October 1, 1992. See § 39.061 and § 39.01(61)(c) and (d), Fla.Stat. (Supp.1992).

. Section 39.052(3)(e)3, Florida Statutes (Supp. 1990) stated:
The court shall commit the child to the department at the restrietiveness level identified or may order placement at a different restrictiveness level. The court shall state in writing reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrietiveness level recommended by the department. Any party may appeal the court's findings resulting in a modified level of restrietiveness pursuant to this subparagraph.

. State v. Gray, 435 So.2d 816 (Fla.1983); State v. Wershow, 343 So.2d 605, 610 (Fla.1977); State *37 v. Gruen, 586 So.2d 1280, 1281 (Fla. 3d DCA), rev. denied, 593 So.2d 1051 (Fla.1991).