PARKER, Judge.
Bountheo Xayavongsa seeks review of his convictions and sentences, arguing that the trial court should have allowed him to withdraw his guilty plea. We affirm without prejudice for Xayavongsa to file a motion for postconviction relief.
The state charged Bountheo Xayavongsa with sexual battery, robbery with a deadly weapon, armed burglary of a dwelling, two counts of aggravated assault, cruelty to animals, and grand theft. On August 16, 1993, the state filed a sentencing guidelines score-sheet which showed a permitted sentence of nine to twenty-two years. On that day Xaya-vongsa entered an open plea of guilty. On the day of sentencing, September 24, 1993, the state filed an amended scoresheet which showed a permitted range of seventeen to forty years. Xayavongsa moved to withdraw his plea to sexual battery because he believed that he was not guilty of sexual battery in that the codefendant was the actual perpetrator and Xayavongsa was charged as a principal. The trial court denied the motion. The court sentenced Xayavongsa to forty years’ imprisonment followed by life probation with a minimum mandatory of three years for sexual battery; thirty years’ imprisonment with a minimum mandatory of three years for robbery with a deadly weapon and armed burglary of a dwelling; five years’ imprisonment with a minimum mandatory of three years for the two counts of aggravated assault; and five years’ imprisonment for cruelty to animals and for grand theft with all sentences to run concurrently. Xayavongsa argues on appeal that the trial court should have allowed him to withdraw his guilty plea on the day of sentencing because the state filed an amended scoresheet which raised his permitted sentence by eighteen years and based on a misunderstanding between his counsel and the state regarding the state’s sentence recommendation.
A defendant’s appeal following a guilty plea is restricted to matters which occur contemporaneously with the entry of *550 the plea. Robinson v. State, 373 So.2d 898 (Fla.1979). The issues which the defendant may raise are the following: (1) subject matter jurisdiction; (2) the illegality of the sentence; (3) the government’s failure to comply with a plea agreement; and (4) the voluntary and intelligent nature of the plea. Robinson, 373 So.2d at 902.
Xayavongsa has not challenged the court’s subject matter jurisdiction or the legality of his sentences. Further, the record does not support any allegation that the government failed to comply with a plea agreement because the record shows unequivocally that Xayavongsa entered an open plea and that there was no plea agreement in this case. Finally, a defendant cannot challenge the voluntariness of a guilty plea on direct appeal unless he had moved to withdraw the plea in the trial court. Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Although Xayavongsa moved to withdraw his plea to the sexual battery charge on the ground that he did not commit the crime, he never moved to withdraw his plea in the trial court by challenging the voluntariness of his plea. We, accordingly, affirm his convictions and sentences.
Xayavongsa, however, may file a rule 3.850 motion in the trial court challenging the voluntariness of his plea. On the day the court sentenced Xayavongsa the state filed an amended sentencing guidelines scoresheet which increased the high end of his permitted sentence by eighteen years. The court sentenced Xayavongsa to the maximum permitted sentence for the sexual battery offense.
Given the substantial presumption that the guidelines recommendation is the appropriate sentence, Williams v. State, 500 So.2d 501 (Fla.1986), Xayavongsa may have believed that the inearcerative portion of his sentence would not exceed twenty-two years even though the trial judge repeatedly advised Xayavongsa that the judge would not promise Xayavongsa anything about the sentences that he would impose. Any challenge to the voluntariness of the plea is best left for the trial court to consider on a motion to withdraw the plea. See Counts, 376 So.2d at 60.
Affirmed.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.