McMillan, judge.
The appellant, L.K.B., was indicted on a charge of burglary in the third degree. She was granted youthful offender status and entered a plea of guilty. The trial court ordered her to pay $300 in restitution, $100 to the crime victims compensation fund, attorney fees, and the costs of court. The trial court also sentenced her to a period of imprisonment, but, as discussed below, it is unclear whether that period was 18 months or 2 years.
The appellant concedes that “there exists no error within the record concerning the guilty plea.” She asks this Court to reverse the judgment in this cause because of a discrepancy between the trial court’s oral sentencing order and its written sentencing order. The State agrees that the discrepancy exists but asks this Court to remand the cause for clarification.
The record reflects that, at the close of the sentencing hearing, the trial court stated:
“Your punishment is fixed at a term of 18 months in the custody of the [Sjtate....”
The same day, the trial court issued a written sentencing order, which stated, in pertinent part:
“The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of TWO year(s).... ”
When a discrepancy exists between the sentence imposed during the sentencing hearing and the sentence set out in the sentencing order, there is no harm to the appellant if the error is corrected by the trial court. Hudson v. State, 623 So.2d 387 (Ala.Cr.App.1993).
Therefore, this cause is due to be, and it is hereby, remanded to the trial court for clarification of the appellant’s sentence. A return should be filed with this Court within 30 days after the release of this opinion.
*531 REMANDED FOR CLARIFICATION OF SENTENCE.
All judges concur.

On Return to Remand

MeMILLAN, Judge.
On October 17, 1997, we remanded this cause for the trial court to clarify the appellant’s sentence on his conviction of burglary in the third degree. That court has now filed its return, which reflects that, on remand, the court conducted a hearing and then issued a written order sentencing the appellant to serve 18 months in the custody of the State of Alabama. The court also ordered the appellant to pay $300 in restitution, $100 to the victims compensation fund, court costs, and an attorney’s fee.
Because sentence' imposed by the trial court is within the statutory limits, the sentence is due to be, and is hereby, affirmed.
AFFIRMED AS TO CONVICTION AND SENTENCE.
All judges concur.