DeCARLO, Judge.
Violation of the Alabama Uniform Controlled Substances Act. Sentence: five years on each of two convictions.
The sole issue raised by appellant is that his guilty pleas were involuntary because they were based upon his belief that he would be given two concurrent, rather than two consecutive, five-year sentences.
The record reveals that the trial judge explained to the appellant his privilege against self-incrimination, his right to a trial by jury, his right to confront his accusers, *1288 the maximum and minimum sentences possible, the nature of the charges, and the acts sufficient to constitute the offense as per the requirements of Boykin v. Alabama, 39 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. The court, however, did not apprise the appellant of the fact that the trial judge was not bound by any sentencing agreement reached between the district attorney and appellant’s counsel.
The record reveals that, at the time of sentencing, counsel informed the court of a plea bargain agreement with the State, in which appellant would receive two five-year concurrent sentences. The record also reveals that the trial judge denied the request for concurrent sentences and meted out consecutive terms to appellant.
Although the trial court is not bound by any agreement struck between the prosecutor and defense counsel, English v. State, 56 Ala.App. 704, 325 So.2d 211, we believe that, because the trial court may decide not to carry out the agreement reached between the two lawyers, better practice suggests that the court inform the accused that any agreement between the attorneys is non-binding on the court. The accused will then be effectively afforded the opportunity to confer further with his attorney and to withdraw his guilty plea if he chooses. See Griswold v. City of Enterprise, 384 So.2d 1219 (Ala.Cr.App.1980).
In the case at bar, appellant did not object or move to withdraw the guilty pleas after the sentences were pronounced by the court. Consequently, there is no adverse action by the trial court for this court to review. Compare Griswold, supra.
It is our judgment that the convictions and sentences by the Coosa Circuit Court be affirmed.
AFFIRMED.
All the Judges concur.