Verdell Phillips pleaded guilty, was convicted of robbery in the first degree, and sentenced to thirty years' imprisonment. This appeal is from that conviction.
 I
The defendant argues that he was not informed of the proper minimum term of imprisonment.
The defendant signed an "explanation of rights, plea of guilty" form. Ireland v. State, 47 Ala. App. 65, 250 So.2d 602
(1971). Among other things, this form stated that the minimum and maximum sentence was "not less than 10 yrs. nor more than 99/life." The form also stated that a prior felony conviction would require a sentence "for not less than 15 yrs. nor more than 99/life." The form also stated the correct minimum and maximum sentences for two and three prior felony convictions.
Before accepting the defendant's guilty plea, the trial judge informed him "that the crime of robbery in the first degree carries a sentence of from ten (10) years to ninety-nine (99) years or life in the penitentiary." In response to the judge's questions, the defendant indicated that his attorney had "go[ne] over all of those rights" on the explanation of rights form. The defendant did not want the judge to explain "those rights" to him "any further."
After determining the factual basis for the plea, the trial judge accepted the defendant's guilty plea and adjudged him guilty.
Defense counsel waived a presentence report and stated "we are willing for the Court to sentence him today." The trial judge allowed defense counsel and the defendant to make a statement and then inquired into the factual circumstances of the robbery which involved two accomplices and the shooting of the robbery victim; The trial judge then asked the defendant if he had "a record" and the defendant admitted he had one prior felony conviction for larceny.
Following a recess the trial judge sentenced the defendant to thirty years' imprisonment with the following explanation:
 "THE COURT: Mr. Phillips, I want to tell you that to me there is not but about one worse crime [than] the crime you gentlemen committed of coming all the way from Detroit, Michigan, and robbing a man and shooting him without even him giving any resistence. Now, the only reason you are not getting life or 99 years is because you didn't go in, but I'm going to give a little stiffer sentence than I intended to based on your admission of a prior felony."
There was no objection to the sentence imposed, no motion to reconsider, and no request to withdraw the guilty plea.
"If the defendant has prior felony convictions, he must be advised of the proper sentence to which he was subject under the Habitual Felony Offender Act." Smith v. State,494 So.2d 182 (Ala.Cr.App. 1986). However, an accused's failure to present to the trial court the claimed error in a timely manner precludes the challenging of the guilty plea on appeal. Willisv. State, 500 So.2d 1324, 1325 (Ala.Cr.App. 1986).
Here, the State did not invoke the Habitual Felony Offender Act and the existence of the prior felony was not discovered until after the defendant had been adjudged guilty.
Although the provisions of the habitual offender statute are mandatory and not discretionary, Watson v. State,392 So.2d 1274, 1276 (Ala.Cr.App. 1980), cert. denied, Ex parte Watson,392 So.2d 1280 (Ala. 1981), the record does not indicate whether the trial judge actually sentenced the defendant as a habitual offender or whether he merely considered the prior conviction as part of the defendant's background in determining sentence.
 II
At sentencing, the defendant explained the circumstances surrounding, and his participation in, the robbery. At one point during this explanation the trial judge interrupted *Page 835 
the defendant and stated: "Mr. Phillips, let me tell you something: Whether I think you're telling me the truth now is going to make a lot of difference in what I give you as far as the number of years you are going to serve in prison. Now, you start over and tell me the truth as you know it, and don't leave anything out."
The defendant's truthfulness in answering the court's questions at the sentencing hearing was certainly a proper factor for the trial judge to consider in determining the defendant's sentence. Rule 6(b)(2), Alabama Rules of Criminal Procedure (Temporary), provides, in part, that at the sentence hearing "[e]vidence may be presented by both the state and the defendant as to any matter that the court deems probative on the issue of sentence. Such matters may include, but are not limited to, the nature and circumstances of the offense, the defendant's character, background, mental and physical condition and history, . . ."
 III
The defendant argues that the trial judge erred in sentencing him to thirty years' imprisonment, because, the defendant contends, he was "a bystander." This issue is not preserved for review. Willis, supra. Furthermore, the evidence indicates that the defendant and two other men came to Alabama to rob a particular store. The sentence is within the limits prescribed by statute, and the record shows no abuse of the trial court's discretion.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.