This is an appeal from the denial of a petition for post-conviction relief.
In 1985, Ralph Jackson, Jr., pleaded guilty and was convicted of felony possession of marijuana (CC-85-61). That conviction was affirmed on appeal without opinion. Jackson v. State,479 So.2d 85 (Ala.Cr.App. 1985).
In 1986, Jackson filed a petition for writ of habeas corpus attacking that conviction. The denial of that petition was affirmed without opinion. Jackson v. State, 492 So.2d 672
(Ala.Cr.App. 1986).
In 1987, Jackson filed a second petition for writ of habeas corpus attacking his conviction. The denial of that petition was also affirmed on appeal without opinion. Jackson v. State,519 So.2d 1384 (Ala.Cr.App. 1987).
Jackson also sought and was denied relief in federal court. See Jackson v. Doe, Civil No. 86-T-755-E, and Jackson v.Duncan, Civil No. 87-T-592-E (not further identified in the record).
In July 1989, Jackson filed a petition for post-conviction relief under Rule 20, A.R. Cr.P.Temp., in which he alleged that his 1985 guilty plea was involuntary because he was not informed of the correct range of punishment and that his sentence under Alabama's Habitual Felony Offender Act violatedEx parte Chambers, 522 So.2d 313 (Ala. 1987). In denying this petition, the circuit court entered the following order.
 "A hearing was held on defendant's amended petition for relief from conviction or sentence regarding the voluntariness of his plea of guilty in 1985. Defendant was present in open court with his attorney, . . . Defendant contends his pleas of guilty should be set aside since he was incorrectly informed of the punishment for the offense of unlawful possession of marijuana. The defendant was sentenced as an habitual offender which was the proper method at the time. Ex parte Chambers, 522 So.2d 313 (Ala. 1987), which was decided by the Supreme Court, changed that method and held that the sentencing limits [of] § 20-2-70
applied to drug offenses.
 "The issue is whether Chambers is applied retroactively to guilty pleas. Defendant cites the case of Holman v. Jones, Civil No. CV 87-A-2163-S (N.D. Ala. filed Nov. 16, 1988), as authority that the plea should be set aside.
 "During defendant's plea of guilty in the case sub judice, th[is] Court informed defendant the minimum punishment *Page 670 
would be 10 years and the maximum punishment would be 99 years or life. At sentencing, the State produced evidence of one prior conviction, not two as the State ha[d] alleged. The record shows that the Court informed defendant in the presence of his attorney, of the following:
 "a. The State's recommendation for a sentence was based upon defendant having two prior felony convictions.
 "b. The State could prove only one prior felony conviction.
 "c. The sentencing range for defendant's case would be from two to twenty years.
 "d. Defendant could withdraw his plea of guilty or defendant could keep his plea of guilty with the State's recommendation of ten years and his sentence would be ten years.
 "Defendant chose voluntarily and knowingly to continue with his plea of guilty and to keep his plea of guilty.
 "Defendant contends that he does not remember the foregoing events and that he pled believing the sentencing range to be from ten years to 99 years or life.
 "Under Holman, the issue is whether defendant would have or would not have pled guilty had he correctly been informed that the sentencing range was two to fifteen years instead of two to twenty years.
 "The Court is not reasonably satisfied that had defendant been informed of the correct maximum term of fifteen years — instead of twenty — that he would have pled differently. Defendant contends he pled guilty because of the 99 years or life maximum. When given the opportunity to withdraw his plea after he had been informed of a substantially lower maximum — from 99 years or life to twenty years — defendant continued to want to follow the plea agreement of ten years.
 "The Court is not persuaded that defendant would have pled differently. The Court does find that defendant should be resentenced under the sentencing provision of § 20-2-70 Code of Alabama 1975."
After affording Jackson the opportunity to withdraw his guilty plea, the circuit court set aside Jackson's sentence of ten years' imprisonment and sentenced him to eight years' imprisonment. The reason for this reduction in sentence is not stated in the record. This appeal is from the judgment denying the 1989 petition for post-conviction relief.
The record shows that, before the trial court accepted Jackson's guilty plea, the court advised Jackson of the minimum and maximum range of punishment under the Habitual Felony Offender Act for a Class C felony with two prior felony convictions (10 years to 99 years or life, Ala. Code 1975, §§13A-5-9(b)(1); 13A-5-6(a)(1)). However, at sentencing the State could prove only one prior felony conviction because the prosecution had not received the certified copy of the Colorado conviction. The prosecutor represented that he "was still trying" to obtain a copy of the Colorado conviction, and that, "at a later date . . . may . . . be able to prove two prior felonies." The prosecution did prove that Jackson had a prior felony conviction in Georgia for the possession of marijuana. At that time, the court advised Jackson of the minimum and maximum range of punishment under the Habitual Felony Offender Act for a Class C conviction with one prior felony conviction (2 to 20 years, §§ 13A-5-9(a)(1); 13A-5-6(a)(2)), and afforded Jackson the opportunity to withdraw his plea. A part of the plea bargain agreement was that another drug case against Jackson would be nol-prossed. Defense counsel advised Jackson that, even though the state could prove only one prior conviction, the negotiated plea would be a "fair and just agreement." At that time, Jackson elected not to withdraw his plea and chose to "enter into the plea of guilty." The ten-year sentence for which Jackson had bargained and to which he was sentenced was within the statutory range of punishment provided by both the Habitual Felony Offender Act and the Uniform Controlled Substances Act.
Jackson should have been sentenced under the provisions of Alabama's Uniform *Page 671 
Controlled Substances Act and not under the provisions of the Habitual Felony Offender Act. Ex parte Chambers,522 So.2d at 316. Jackson should have been advised that the minimum and maximum range of punishment was from 2 to 30 years'imprisonment pursuant to Ala. Code 1975, § 20-276(a), instead of being advised before the guilty plea was accepted that the range was 10 to 99 years or life and being advised at sentencing of a range of 2 to 20.
All the parties in this case have stated that the correct range of punishment was from 2 to 15 years' imprisonment. That was the proper range of punishment for a first-time drug offender in 1985. § 20-2-70(a). However, because Jackson had a 1982 Georgia felony conviction for possession of marijuana, he could have been sentenced to a maximum term of 30 years' imprisonment. "Any person convicted of a second or subsequent offense . . . may be imprisoned for a term up to twice the term otherwise authorized." § 20-2-76(a). See Chambers,522 So.2d at 315 ("It is important to note that by the use of the language 'may be imprisoned' in § 20-2-76(a), . . . the imposition of that section by the trial court in sentencing the repeat drug offender is permissible and not mandatory") (emphasis in original).
The circuit court reasoned that since Jackson declined to withdraw his guilty plea upon being informed that the sentence was 2 to 15 years' imprisonment instead of 10 to 99 years or life, he would not have withdrawn his guilty plea if he had been informed that the sentence was from 2 to 20. Under this reasoning, we must conclude that Jackson would not have withdrawn his guilty plea had he been informed that the range of punishment was from 2 to 30 years' imprisonment.
In reaching the above conclusion, the circuit judge relied upon the memorandum opinion of the United States District Court for the Northern District of Alabama in Holman v. Jones, No. CV 87-A-2163-S, November 16, 1988. In pertinent part, that opinion is as follows:
 "The magistrate concluded that '[b]ecause Holman was misinformed about the maximum sentence he could receive [relying on Chambers] his plea was involuntary. . . .' This court disagrees. A defendant has a constitutional right to be informed of the range of punishment prescribed by law for the offenses to which he is pleading guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Coleman v. Alabama, 847 [827] F.2d 1469 (11th Cir. 1987). The mere fact that the court may have incorrectly stated the maximum punishment does not end the matter. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970). The dispositive issue in this case is whether Holman would have or would not have pleaded guilty had he been given the correct advice. See Pitts v. United States, 763 F.2d 197, 201 (6th Cir. 1985); Williams v. Smith, 591 F.2d 169 ([2nd Cir.] 1979).
 "It does not appear that had Holman been informed of the correct maximum term — fifteen or thirty years' imprisonment [under the Controlled Substances Act depending upon whether Holman's prior convictions were or were not drug related] — he would have pleaded differently. In other words, the correct information would not likely have made any difference in his choice of a plea. Williams, 591 F.2d at 172. The court notes that the petitioner has nowhere alleged that he would not have pleaded guilty had he received the correct advice concerning the maximum sentence to which he was subject upon a plea of guilty.
 "Accordingly, this court rejects the magistrate's finding that Holman's plea was involuntary and the recommendation that he be permitted to plead anew.
 "The court agrees that Holman 'is entitled to a new sentencing proceeding under *Page 672 
the appropriate provisions of Alabama law.' "
The law is well-settled:
 "Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)], stands for the proposition that a defendant is constitutionally entitled to have information concerning the range of punishment prescribed by the act to which he may be sentenced and the consequences of the conviction at the time he enters his plea. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970)."
Coleman v. Alabama, 827 F.2d 1469, 1473 (11th Cir. 1987).
"[T]he test . . . for determining the constitutional validity of a state court guilty plea where the defendant has been given sentencing misinformation is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea." Williams v. Smith, 591 F.2d 169, 172 (2d Cir.), cert. denied, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289
(1979). See also United States v. Lewis, 875 F.2d 444, 445 (5th Cir. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 186,107 L.Ed.2d 141 (1989) ("[W]e recognize that it is not necessary in every instance to vacate a plea that was accepted in violation of Rule 11 [F.R.Cr.P., which requires that the trial judge accepting a guilty plea ascertain, among other things, that the defendant understands the minimum and maximum penalties.]. Rather, we must review the district court's remedy following a Rule 11 violation and determine whether the remedy eliminated any prejudice the defendant suffered as a result of the violation of Rule 11."); Travis v. Lockhart, 787 F.2d 409, 410
(8th Cir. 1986) (Where the defendant understood and accepted the recommended sentence, the failure to expressly advise the defendant of the minimum possible sentence did not render this guilty plea involuntarily or unknowingly made.); Pitts v.United States, 763 F.2d 197, 201 (6th Cir. 1985) ("An evidentiary hearing is needed on this issue to determine whether the trial court's misstatement [of the maximum possible sentence] was material to Pitts' decision, or, in other words, to determine whether Pitts would not have pleaded guilty but for the misstatement."); Johnson v. Fogg, 653 F.2d 750, 753 (2d Cir. 1981), cert. denied, 456 U.S. 907, 102 S.Ct. 1755,72 L.Ed.2d 164 (1982) (Although alleging that the judge failed to advise him of the maximum possible sentence, the defendant's "habeas petition does not even allege that his decision to plead guilty would have been altered by fuller knowledge of the consequences of his plea, even though he would have had to establish this as a prerequisite to habeas relief. . . . ").
 "Erroneous advice from counsel or the court that the maximum sentence was greater than that allowed by the statute does not necessarily prejudice a defendant unless the facts demonstrate that the error was likely to have altered the defendant's decision to plead guilty. Under some circumstances, the actual penalty may itself be so formidable or the overstatement so small that it is improbable the error would have had any effect. Thus, in Allen v. United States, [634 F.2d 316, 317
(5th Cir. 1981)], a case in which the defendant had pleaded guilty to bank robbery charges after being advised of an exaggerated penalty, we stated: 'It is inherently incredible that a person would voluntarily submit himself to a possible thirty-five year sentence but would take his chances on getting an acquittal if he faced only [a] twenty-five year sentence.'
 ". . . But whether the defendant might have decided to plead differently cannot be determined simply by measuring the degree to which the penalty was overstated. That decision must be based on consideration of all the facts confronting the defendant.
". . . .
 "At times we have granted relief when a guilty plea was entered in reliance on an overstatement of the possible sentence. *Page 673 
In each case, however, we have found that the defendant was erroneously induced to believe that he would benefit from pleading guilty."
United States v. Fuller, 769 F.2d 1095, 1098 (5th Cir. 1985) (footnotes omitted).
In this case, we find, as did the circuit court, that Jackson was not induced to believe that he would benefit from pleading guilty by the incorrect information he received from the trial judge regarding the minimum and maximum range of punishment. We agree with the finding of the circuit court that Jackson would have pleaded guilty even if he had been informed of the maximum term of sentence. See Allen v. United States, 634 F.2d 316, 317
(5th Cir. 1981).
In this case, the circuit judge who ruled on Jackson's petition for post-conviction relief in 1989 was the same judge who accepted his guilty plea in 1985. He heard Jackson's testimony that he would not have pleaded guilty if he had known the proper range of punishment, and he found it not credible. The judge "was in the best position to make the difficult determination of whether [Jackson] would have pleaded guilty had he been given accurate sentencing information. Findings of this sort 'relate to such intangibles as motivation and intent [and] depend especially upon the credibility assessments made by those who see and hear the witnesses.' " Williams,591 F.2d at 173. On the record before this court, we can not conclude that the findings of the circuit court are clearly erroneous.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.