BOWEN, Judge.
Ronald Ford pleaded guilty and was convicted of trafficking in cocaine in violation of Ala.Code 1975, § 13A-12-231. He was sentenced to five years’ imprisonment and was fined $50,000. This sentence was “split,” with three years toube served in confinement and two years on probation. On this appeal from that conviction, Ford argues that the trial court erred in refusing to allow the withdrawal of his guilty plea.
Before accepting Ford’s guilty plea, the trial judge informed him that “the punishment in this case is not less than three years, and that’s mandatory, and not more than life, and a $20,000 fine is mandatory.”
The defendant and his four co-defendants appeared for sentencing on March 29, 1990. The four co-defendants were charged with, and had pleaded guilty to, attempted possession. The evidence indicated that Ford was the “ringleader” of a group of youths known as the “Montgomery 12.” Statements from the co-defendants indicated that he “was the possessor of the drugs and the one that was trafficking.” During the sentence hearing, Ford’s defense counsel stated:
“We feel that Ronald Ford should be given the same thing as the others, one for all and all for one.... [W]e would like at this time to withdraw his guilty plea on trafficking and be given the same consideration.
[[Image here]]
“He came into the office several days this week and told both of us [defense counsel] that he’s not guilty. That’s the reason we requested withdrawal of his guilty plea. He himself just says he’s not guilty.”
The trial court denied the motion to withdraw, finding that “[w]hen he pleaded guilty to trafficking he knew what the sentence was” and that he had admitted that he was guilty of trafficking. The record shows that before his guilty plea was accepted, Ford specifically admitted that he had more than 28 grams of cocaine in his possession.
The trial court then fined Ford $50,000 and sentenced him to ten years’ imprisonment, based on the prosecutor’s assertion that that was the minimum sentence. The sentence was “split,” with three years to *798 be served in the penitentiary and two years on supervised probation.
On March 30, 1990, the district attorney filed a “motion to resentenee.” The basis for this motion was the prosecutor’s erroneous statement of the minimum sentence at the sentence hearing. In this motion, the district attorney stated that “[t]he Defendant pled guilty on February 13, 1990, with the understanding that the State of Alabama would not oppose a minimum sentence under the trafficking statutes.” The motion also stated that “the State’s recommendation to the Court should have been three years in the penitentiary, serve three years under the trafficking statute.” This is the only reference contained in the record to the specific terms of any plea bargain agreement.
On April 4, 1990, Ford was resentenced to five years’ imprisonment, “split” with three years’ imprisonment and two years on probation. Ford was also fined $50,000. Defense counsel again stated that “we would like to withdraw the guilty plea,” and the defendant stated that he was not guilty of trafficking. The trial court questioned Ford.
“[THE COURT:] He understood from that that he got a mandatory three years and a mandatory $50,000 fine. There wasn’t any question about that; was it, Mr. Ford?
“THE DEFENDANT: No, sir.
“THE COURT: Was there any question?
“THE DEFENDANT: No, sir.”
However, the following appears on the next page of the record:
“THE COURT: Did you understand before you pled guilty that it was a mandatory three year sentence?
“THE DEFENDANT: No, sir.
“THE COURT: You don’t remember me asking you that?
“THE DEFENDANT: I remember you asking; but I didn’t understand.”
The defendant signed an “explanation of rights and plea of guilty” form before pleading guilty. The range of sentence appears on that form as: “[T]he law provides for punishment by imprisonment in the penitentiary for not less than 3 yr mandatory nor more than life for such offense and by imposition of a fine not to exceed $25,000.00 fine mandatory."
On this appeal, Ford argues that the trial court should have set aside his guilty plea because he received a harsher sentence than he bargained for and because he was misinformed of the amount of the fine. Neither of these grounds was argued to the trial court as a basis for setting aside the guilty plea. The basis for that motion was 1) that the defendant was not guilty of trafficking, and 2) that the defendant should receive the same three-year sentence (split with two years’ incarceration and three years’ probation) as the other defendants, who pleaded guilty to attempted possession.
“[A defendant’s] failure to present to the trial court the claimed error in timely manner precludes [the defendant] from challenging his plea on appeal.” Willis v. State, 500 So.2d 1324, 1325 (Ala.Cr.App.1986). A defendant’s failure to present to the trial court any alleged erroneous information concerning the range of punishment precludes that defendant from challenging his guilty plea on that basis on appeal. Benefield v. State, 513 So.2d 107 (Ala.Cr.App.1987). “It is for the trial court, which accepted the plea, to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.” Willis, 500 So.2d at 1324. The reason for this rule is because the test for determining the constitutional validity of a guilty plea where the defendant has been given sentencing misinformation and is unaware of the actual sentencing possibilities is whether the accurate information would have made any difference in his decision to enter a plea.
“ ‘A defendant has a constitutional right to be informed of the range of punishment prescribed by law for the offenses to which he is pleading guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Coleman v. Alabama, 8[2]7 F.2d 1469 (11th Cir.1987). The mere fact that the court may have incorrectly stated the maximum punish *799 ment does -not end the matter. “The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.” North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970). The dispositive issue in this case is whether [the defendant] would have or would not have pleaded guilty had he been given the correct advice. See Pitts v. United States, 763 F.2d 197, 201 (6th Cir.1985); Williams v. Smith, 591 F.2d 169 ([2d Cir.] 1979).’ ”
Jackson v. State, 565 So.2d 669, 671 (Ala.Cr.App.1990), partially quoted in Lochli v. State, 565 So.2d 294, 297 (Ala.Cr.App.1990). See also, Johnson v. Fogg, 653 F.2d 750, 753 (2d Cir.1981), cert. denied, 456 U.S. 907, 102 S.Ct. 1755, 72 L.Ed.2d 164 (1982) (although alleging that the judge failed to advise him of the maximum possible sentence, the defendant’s “habeas petition does not even allege that his decision to plead guilty would have been altered by fuller knowledge of the consequences of his plea, even though he would have had to establish this as a prerequisite to habeas relief”); Williams v. Smith, 591 F.2d 169, 172 (2d Cir.), cert. denied, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289 (1979) (“[T]he test ... for determining the constitutional validity of a state court guilty plea where the defendant has been given sentencing misinformation is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea.”); United States v. Lewis, 875 F.2d 444, 445 (5th Cir.), cert. denied, — U.S. -, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989) (“[W]e recognize that it is not necessary in every instance to vacate a plea that was accepted in violation of Rule 11 [F.R.Cr.P., which requires that the trial judge accepting a guilty plea ascertain, among other things, that the defendant understands the minimum and maximum penalties]. Rather, we must review the district court’s remedy following a Rule 11 violation and determine whether the remedy eliminated any prejudice the defendant suffered as a result of the violation of Rule 11.”); United States v. Fuller, 769 F.2d 1095, 1098 (5th Cir.1985) (“Erroneous advice from counsel or the court that the maximum sentence was greater than that allowed by the statute does not necessarily prejudice a defendant unless the facts demonstrate that the error was likely to have altered the defendant’s decision to plead guilty.”); Pitts v. United States, 763 F.2d 197, 201 (6th Cir.1985) (“An evidentiary hearing is needed on this issue to determine whether the trial court’s misstatement [of the maximum possible sentence] was material to Pitts’ decision, or, in other words, to determine whether Pitts would not have pleaded guilty but for the misstatement.”); Travis v. Lockhart, 787 F.2d 409, 410 (8th Cir.1986) (where the defendant understood and accepted the recommended sentence, the failure to expressly advise the defendant of the minimum possible sentence did not render his guilty plea involuntarily or unknowingly made).
Because the issues raised on this appeal were not raised in the circuit court, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.