Moon entered pleas of guilty to two indictments charging third degree burglary. Pursuant to plea bargain agreements, Moon was sentenced, as a habitual offender with three prior felony convictions, to 21 years' imprisonment for each burglary conviction, with the sentences to run consecutively with each other and concurrently with the 35 years remaining on a sentence he was then serving in Texas.
On appeal, Moon contends that his pleas were invalid because, he says, "they were entered under plea agreements which contained promises which were legally impossible to perform." He explains that, sometime after his sentencing and after extradition proceedings were initiated, he was informed that the State of Texas had refused to accept him into its penal system until he had finished his penitentiary time in Alabama and that, as a result, his instant sentences could not run concurrently with his Texas sentence. Upon this argument, he asserts that his pleas were involuntary, unknowing, and unintelligent.
No factual support for these allegations appears in the record before us. Allegations in appellant's brief reciting matters not disclosed in the record cannot be considered.Edwards v. State, 287 Ala. 588, 253 So.2d 513 (1971). Moreover, this question was not presented to the trial court in any manner and, thus, is not preserved. See Willis v. State,500 So.2d 1324 (Ala.Cr.App. 1986). In fact, the record contains no adverse ruling. We have no jurisdictional question before us, which would not have to be presented in the trial court, because a sentence that is to run concurrently with that of another jurisdiction is lawful, 24 C.J.S. Criminal Law § 1524 (1989), and the decision of whether to order a sentence to run concurrently with a sentence imposed by another state is within the trial court's discretion, id. at n. 19. See also A.R.Cr.P. 26.12(b) (effective January 1, 1991) (which states that "[t]he court, at the time of sentencing, may direct that the sentence being imposed will be served concurrently with any other sentence imposed upon the defendant in any jurisdiction"). Moon's only recourse is a Rule 32 petition.
Accordingly, this cause is affirmed.
AFFIRMED.
All Judges concur.