PER CURIAM.
In January 1979, Carol Ann Brooks, the appellant, was indicted for the unlawful sale of marijuana (CC-79-112). On April 3, 1979, the appellant pleaded guilty to this offense and her sentencing was set for the following day, April 4,1979. The appellant failed to appear for sentencing, and the court issued an alias writ of arrest for the appellant. On May 15, 1981, the case was “withdrawn ... with leave to reinstate for good cause shown.” (S.R. 3.)
In April 1990, the appellant was indicted for trafficking in cocaine (CC-90-2289). On November 9, 1990, the court granted the State’s motion to reinstate CC-79-112. On January 8, 1991, the appellant stipulated to a prima facie case in CC-90-2289 and the appellant was adjudged guilty of this offense. Both CC-79-112 and CC-90-2289 were set for sentencing on March 1, 1991. On that day, defense counsel moved to withdraw the appellant's guilty plea in CC 79-112, which was denied. The trial court then sentenced the appellant to five years’ imprisonment in CC-79-112 and to 15 years’ imprisonment in CC-90-2289, which was to run consecutively with the sentence in CC-79-112.
The only issue raised on appeal is whether the appellant should have been allowed to withdraw her guilty plea in CC- *616 79-112 because she had not been informed of the correct maximum and minimum sentences for this offense when she pleaded guilty in 1979. At the time of her plea, the appellant was informed by the trial judge that the range of punishment for the unlawful sale of marijuana was 2 to 30 years. This fact was also reflected on the Ireland form. In fact, the correct range of punishment at the time for the sale of marijuana was 2 to 15 years according to § 20-2-70, Code of Alabama 1975 (repealed 1987).
“In order to make a knowing and valid guilty plea, a defendant must have been informed of certain facts, including the maximum and minimum sentence that may be imposed by law for the crime with which he is charged. Boykin v. Alabama, 395 U.S. 238, 244 n. 7, 89 S.Ct. 1709, 1713 n. 7, 23 L.Ed.2d 274 (1969); Carter v. State, 291 Ala. 83, 85, 277 So.2d 896, 897 (1973).”
Lochli v. State, 565 So.2d 294, 296-97 (Ala. Crim.App.1990).
“ ‘A defendant has a constitutional right to be informed of the range of punishment prescribed by law for the offenses to which he is pleading guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Coleman v. Alabama, 827 F.2d 1469 (11th Cir.1987). The mere fact that the court may have incorrectly stated the maximum punishment does not end the matter. ‘The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.’ North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970). The dispositive issue in this case is whether [the defendant] would have or would not have pleaded guilty had he been given the correct advice. See Pitts v. United States, 763 F.2d 197, 201 (6th Cir.1985); Williams v. Smith, 591 F.2d 169 (2nd Cir.1979).’ ”
Jackson v. State, 565 So.2d 669, 671 (Ala. Crim.App.1990), quoting a memorandum opinion of the United States District Court for the Northern District of Alabama in Holman v. Jones, No CV 87-A-2163-S, November 16, 1988).
“ ‘Erroneous advice from counsel or the court that the maximum sentence was greater than that allowed by the statute does not necessarily prejudice a defendant unless the facts demonstrate that the error was likely to have altered the defendant’s decision to plead guilty. Under some circumstances, the actual penalty may itself be so formidable or the overstatement so small that it is improbable the error would have had any effect. Thus, in Allen v. United States, 634 F.2d 316, 317 (5th Cir.1981), a case in which the defendant had pleaded guilty to bank robbery charges after being advised of an exaggerated penalty, we stated: ‘It is inherently incredible that a person would voluntarily submit himself to a possible thirty-five year sentence but would take his chances on getting an acquittal if he faced only a twenty-five year sentence.’
“ ‘... But whether the defendant might have decided to plead differently cannot be determined simply by measuring the degree to which the penalty was overstated. That decision must be based on consideration of all the facts confronting the defendant.
[[Image here]]
“ ‘At times we have granted relief when a guilty plea was entered in reliance on an overstatement of the possible sentence. In each case, however, we have found that the defendant was erroneously induced to believe that he would benefit from pleading guilty.’ ”
Jackson, 565 So.2d at 672-73, quoting United States v. Fuller, 769 F.2d 1095, 1098 (5th Cir.1985).
From our examination of the record before us, we do not find that the appellant would have changed her mind if she had been informed of the proper range of punishment. Jackson. The only allegation before us that the appellant may have changed her mind if she had been informed of the correct maximum punishment is the following statement made by defense counsel during the sentencing hearing: “If you are told that you can get up to 30 years for *617 an offense, that might induce you to plead guilty when you otherwise might not have if you were thinking that it would be less time.” (R. 4.) Actually, we believe the opposite is true. As was stated above, it is difficult to imagine that the appellant would voluntarily submit herself to a possible 30-year sentence but she would have gone to trial on the chance that she may be acquitted if she had known that the maximum punishment would be only 15 years. This bare allegation made by defense counsel is not enough to convince us that the trial judge erred by refusing to grant the appellant’s motion to withdraw her guilty plea. It appears to this court that the more likely explanation for the appellant’s motion to withdraw her guilty plea is that she pleaded guilty 12 years before her sentencing hearing and she believed it would be difficult to obtain a conviction in a case that was 12 years old. We must also note that the 12-year delay between the appellant's plea and her sentencing was due to her own actions. She was the one who failed to appear at the original sentencing hearing and she remained at large until she was arrested on another drug charge in 1990. From our review of the record, we cannot conclude that the trial judge’s denial of the appellant’s motion to withdraw her guilty plea was “clearly erroneous.” Jackson.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.