TAYLOR, Judge.
The appellant, David Roberts, pleaded guilty to burglary in the second degree, a violation of § 13A-7-6(b), Code of Alabama 1975. He was sentenced to 25 years in prison under the Habitual Felony Offender Act and was ordered to pay a fine of $500, restitution of $580, plus $50 to the victim’s compensation fund.
*1253 This case exemplifies the dilemma of a criminal appellate court. Although the notice of appeal was filed on May 20, 1991, the completed record was not filed until April 24, 1992. The last brief was filed June 22, 1992, and we now release this opinion July 24,1992. By the time the case was “submitted” to this court, the American Bar Association time standard of 280 days from notice of appeal to opinion had already been exceeded.
The appellant contends that the trial court erred in accepting his plea because, he argues, it was not intelligently or voluntarily made and because there was no factual basis for the court’s acceptance of the plea. These issues, however, were not preserved for review. “[B]efore an issue raising the validity of a guilty plea is cognizable in this court, the issue must be first presented to a trial court by timely objection, a motion to withdraw the guilty plea, or a motion for a new trial.” Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986). The appellant made no objections or motions at the trial court relating to his guilty plea.
Nonetheless, the record shows that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were met. The trial court did a thorough job of questioning the appellant to determine his understanding of his plea. The judge explained the charge of burglary in the second degree, told the appellant that the range of sentencing would be extended because of his prior felonies, and explained the rights he would be forfeiting by pleading guilty. The appellant’s plea was voluntarily and intelligently made.
There was also a sufficient factual basis for acceptance of the appellant’s plea. At the plea hearing, the judge asked the district attorney to recite the facts of the case. The appellant did not agree and then explained his version of the facts. He stated that after having a few drinks, he went to the victim’s apartment. He said that he talked to the victim, but that she did not let him inside the apartment. The appellant then went to the back door and entered without permission. The victim called for her neighbor, who eventually came to her apartment and persuaded the appellant to leave. Upon leaving the premises, the appellant threw a brick through the screen door and hit the victim in the head. With this statement of the facts, Judge Michael Crespi found enough support for the indictment to accept the guilty plea. There was a sufficient factual basis for acceptance of the appellant’s plea of guilt.
AFFIRMED.
All the Judges concur.