ON SECOND APPLICATION FOR REHEARING
PATTERSON, Presiding Judge.
On September 30, 1992, this court withdrew its opinion of December 27, 1991, and substituted another therefor. This court now withdraws its opinion of September 30, 1992, and substitutes the following therefor:
The appellant, Kelvin Loyce Parish, pleaded guilty to unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975, and was sentenced to 10 years’ imprisonment, that sentence including 5 years’ enhancement pursuant to § 13A-12-250,[1] because the offense occurred within three miles of a school. He raises three issues on appeal.
We must reverse the trial court’s judgment because the trial court failed to correctly inform the appellant of the minimum and maximum possible sentences.
The relevant portion of the plea colloquy reads as follows:
“THE COURT: Have you had explained to you the rights which you will give up by entering a plea of guilty and the range of punishment [5 to 20 years’ imprisonment] as set out on the explanation of rights form?
“THE DEFENDANT: Yes.
*228 “THE COURT: Let me make one change on the form — it says not less than five years, but it will be not less than—
“MR. BRANTLEY [defense counsel]: I put five because of the mandatory five.
“THE COURT: Do you understand that the — Class B felony and the range of punishment in this case is normally from two years to twenty years, but due to the fact that the offense occurred within three miles of a school, that the minimum sentence is three years and the maximum is twenty years, do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: And do you—
“MR. BRANTLEY: The minimum sentence is five years.
“THE COURT: You are correct, the minimum sentence is five years and the maximum is twenty years, but it is a Class B felony and I have changed that on that form.
“MR. BRANTLEY: Yes, sir.
“THE COURT: Backing up, do you understand that the range of punishment is from five years to twenty years in this case because of the — it’s called the three-mile rule.
“THE DEFENDANT: Yes, sir.”
The appellant was indicted for unlawful distribution of a controlled substance, a Class B felony, which has a sentence range of imprisonment for a minimum of 2 years and a maximum of 20 years. See §§ 13A-12-211 and 13A-5-6(a)(2). Because the sale occurred within three miles of a school, the appellant’s sentence must be enhanced by an additional five years’ imprisonment. See § 13A-12-250. Therefore, the correct sentence range of which the appellant should have been advised was a minimum of 7 years’ and a maximum of 25 years’ imprisonment, and not a minimum of 5 years’ and a maximum of 20 years’ imprisonment as he was advised. See Dixon v. State, 572 So.2d 512, 513 (Ala.Cr.App.1990) (the legislature intended that the five-year sentence mandated by § 13A-12-250 be “added to” the existing sentence).[2]
On original submission, we applied Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986), and held that our review of this argument was procedurally barred because the appellant failed to object on this ground at the guilty plea proceeding, in a motion for a new trial, or in a motion to withdraw his guilty plea. See Johnson v. State, 480 So.2d 14 (Ala.Cr.App.1985). See also A.R.Cr.P. 14.4(e) (specifically allowing for withdrawal of a guilty plea). The rationale of Willis can be summarized as follows: “It is for the trial court, which accepted the plea, to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings,” 500 So.2d at 1324. For a discussion of this rationale, see id. at 1324-25.
This court has frequently cited both Willis and pre-Willis cases as authority for refusing to review an issue contesting the validity of a guilty plea where that issue was not presented to the trial court. See, e.g., Roberts v. State, 605 So.2d 1252 (Ala.Cr.App.1992) (issues that the appellant’s plea had not been intelligently or voluntarily made and that the trial court had no factual basis for acceptance of the plea were not preserved); Moon v. State, 580 So.2d 87 (Ala.Cr.App.), cert. denied, 580 So.2d 87 (Ala.1991) (issue regarding allegedly illegal plea agreement not preserved); Ford v. State, 573 So.2d 797, 798 (Ala.Cr.App.1990) (“[a] defendant’s failure to present to the trial court any alleged erroneous information concerning the range of punishment precludes that defendant from challenging his guilty plea on that basis on appeal”); Bennefield v. State, 552 So.2d 188 (Ala.Cr.App.1989) (issue concerning court’s failure to inform defendant of range of sentence precluded); Bowen v. State, 536 So.2d 168 (Ala.Cr.App.), cert. denied, 536 So.2d 168 (Ala.1988) (challenge of plea on appeal precluded); Phillips v. State, 518 So.2d 833 (Ala.Cr.App.1987), cert. denied, 518 So.2d 833 (Ala.1988) (appellant is precluded from challenging guilty plea on appeal on ground that *229 he was not informed of the proper minimum sentence where he had failed to present the claimed error to trial court in timely manner); Benefield v. State, 513 So.2d 107 (Ala.Cr.App.1987) (issue regarding misinformation of sentence range precluded); Johnson v. State (issues regarding correct knowledge of sentence range and of critical elements of charges not properly preserved); and McCoy v. State, 392 So.2d 1287 (Ala.Cr.App.1981) (issue that pleas were involuntary because of the defendant’s erroneous belief about sentencing not preserved). See also Looney v. State, 563 So.2d 3 (Ala.Cr.App.1989), cert. denied, 563 So.2d 3 (Ala.1990) (court, after finding issue properly preserved as required by Willis, reversed where defendant was not advised of the correct minimum sentence).
However, the Alabama Supreme Court in Ex parte Rivers, 597 So.2d 1308 (Ala.1991), in effect, announced a different rule regarding preservation of the issue of whether the appellant had been properly advised of the applicable sentence range before pleading guilty. In that case, the appellant, contesting the validity of his guilty pleas in an AR.Cr.P.Temp. 20 petition, alleged, in part, that “he [had not been] properly informed of the maximum and minimum sentences so as to allow his plea to be knowingly and voluntarily given,” id. at 1309.[3] In an unpublished memorandum, we had held that our review of this issue was procedurally barred. 586 So.2d 307. After reiterating that “a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea,” 597 So.2d at 1309, the Rivers court characterized the remaining issue as follows: “The State contends, and the Court of Criminal Appeals agreed, that Rivers failed to preserve the issue of ... the illegality of his sentencing for appeal by falling to raise it at trial,” id. at 1310 (emphasis added). The court, in disagreeing with our holding, relied on the following language in Ex parte Brannon, 547 So.2d 68, 68 (Ala.1989)[4]:
“[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review. See Bartone v. United States, 375 U.S. 52 [84 S.Ct. 21, 11 L.Ed.2d 11] ... (1963). Indeed, the illegality of a defendant’s sentence is a ground specified in Rule 20, Ala.R.Crim.P. [Temp.], for a collateral post-conviction remedy.”
Finding that the issue was not precluded, the court remanded the case with the instruction that Rivers’s convictions be reversed, holding that “[b]ecause Rivers was not informed of the minimum possible sentence in his cases, prior to his plea of guilty, his guilty plea was not knowingly, voluntarily, and intelligently given,” 597 So.2d at 1310.
Apparently, the Rivers court considered that the trial court’s failure to correctly advise Rivers of the minimum possible sentences resulted in the trial court’s lack of jurisdiction.[5] This appears to be a departure *230 from case law. As far as we are aware, a lack of information or misinformation about the sentencing consequences of pleading guilty has always been treated in the context of the voluntariness of the plea — not in the context of jurisdiction. See, e.g., Carter v. State, 291 Ala. 83, 84, 277 So.2d 896, 897 (1973) (court stated that “[o]ur inquiry focuses upon whether the appellant’s guilty plea was ‘intelligent and voluntary,’ as required by Boykin v. Alabama, 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] ... (1969) [, where the ajppellant argues that he was not advised on the record what the minimum and maximum punishments for his offense would be”).
We note that in situations similar to the one before us — where, in the trial court’s colloquy with the defendant and in the explanation of rights form, the appellant was given sentencing misinformation — we have not automatically ordered that the judgment of conviction based upon the appellant’s guilty plea be reversed, as the Rivers court instructed, rather, we have remanded the case for an evidentiary hearing.
“[W]here the defendant is given sentencing misinformation, the mere fact that he was given such misinformation
“ ‘ “does not end the matter. ‘The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.’ North Carolina v. Alford, 400 U.S. 25, 31 [91 S.Ct. 160, 164, 27 L.Ed.2d 162] ... (1970). The dispositive issue ... is whether [the defendant] would have or would not have pleaded guilty had he been given the correct [information]. See Pitts v. United States, 763 F.2d 197, 201 (6th Cir.1985); Williams v. Smith, 591 F.2d 169 (1979).” ’
“Jackson v. State, 565 So.2d 669, 671 (Ala.Cr.App.1990) (quoting Holman v. Jones, No. CV-87-A-2163-S (N.D.Ala., Nov. 16, 1988)) (emphasis added [in Lochli ]). See also Williams v. Smith, 591 F.2d 169, 172 (2d Cir.), cert. denied, 442 U.S. 920 [99 S.Ct. 2845, 61 L.Ed.2d 289] ... (1979) (‘the test ... for determining the constitutional validity of a state court guilty plea where the defendant has been given sentencing misinformation is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea’).”
Lochli v. State, 565 So.2d 294, 297 (Ala.Cr.App.1990). See also Trice v. State, 601 So.2d 180 (Ala.Cr.App.1992); Brooks v. State, 606 So.2d 615 (Ala.Cr.App.1991); Ford v. State, 573 So.2d at 798 (“[t]he reason for [the Willis rule] is because the test for determining the constitutional validity of a guilty plea where the defendant has been given sentencing misinformation and is unaware of the actual sentencing possibilities is whether the accurate information would have made any difference in his decision to enter a plea”). See also Gilliland v. State, 591 So.2d 151 (Ala.Cr.App.1991) (in finding on direct appeal that defendant had been given erroneous information about his eligibility for parole, court remanded for a hearing on appellant’s motion to withdraw his guilty plea to determine whether his plea was induced by the erroneous information); Jackson v. State, 565 So.2d 669 (Ala.Cr.App.1990).
However, in reliance on Rivers, we hold that the appellant’s issue regarding sentencing misinformation is properly before this court, despite the appellant’s failure to object at the plea proceeding, to move for a new trial, or to move to withdraw his guilty plea. Therefore, we hold that, because the appellant was not correctly informed of the minimum and maximum possible sentences, his sentence was void, although it fell within the correct permissible range of sentence, and, in accordance with Rivers, we reverse his conviction. (We see no need to determine whether the present error warrants reversal under A.R.Cr.P. 14.4, see generally, 2 W. LaFave and J. Israel, Criminal Procedure § 20.5(e) (1984), because this error clearly warrants reversal under Rivers.)
Based on the foregoing, the judgment of the circuit court is reversed, and this case is remanded for proceedings consistent with this opinion.
*231 APPLICATION FOR REHEARING GRANTED; RULE 39(k) MOTION DENIED; OPINION OF SEPTEMBER 80, 1992, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
All Judges concur.

. The record originally reflected that the appellant was sentenced to 10 years' imprisonment, but it did not reflect whether the sentence included the required enhancement. This court, pursuant to A.R.App.P. 10(g), ordered the trial court to indicate whether the appellant’s sentence included 5 years' imprisonment as the enhanced punishment in accordance with § 13A-12-250. The trial court responded that it did.

. We note that, prior to the plea proceeding, the prosecution filed a "Notice to Defendant of Request for Additional Penalty,” requesting that the trial court, "in addition to any penalty imposed upon a conviction in this case[,] impose an additional penalty of five years' incarceration....”

. The trial court had failed to advise Rivers of any minimum possible sentence for the charge of unlawful distribution of a controlled substance and had incorrectly advised Rivers of the minimum sentence for the charges of unlawful possession of a controlled substance.

. The Brannon court held that, although the issue had not been preserved, the appellant, convicted for a drug offense, had been illegally sentenced under the Habitual Felony Offender Act, § 13A-5-9, contrary to Ex parte Chambers, 522 So.2d 313 (Ala.1987). This holding however was implicitly overruled in Ex parte Jackson, 590 So.2d 901 (Ala.1991), when the court explicitly overruled Blair v. State, 549 So.2d 112 (Ala.Cr.App.), cert. denied, 549 So.2d 114 (Ala.1988), which held that, although the appellant had made no objection to his sentence under the Habitual Felony Offender Act for a drug-related conviction, he should be resentenced because his sentence was illegal under Chambers. The Jackson court stated that it was "overruling] Blair v. State, supra, to the extent that it holds sentencing errors to be jurisdictional and, therefore, not subject to waiver,” 590 So.2d at 903. We note, however, that Jackson appears to have been implicitly overruled by Ex parte McKelvey, 630 So.2d 56 (Ala.1992).

.We have construed the trial court's lack of jurisdiction to render judgment or to impose sentence, A.R.Cr.P.Temp. 20.1(b) (now A.R.Cr.P. 32.1(b)), to be the ground that was the basis for the Rivers holding because, in accordance with A.R.Cr.P.Temp. 20.2(a)(3) (now A.R.Cr.P. 32.2(a)(3)), that ground was not precluded by the failure to preserve it in the trial court, as it would have been had the ground been that "[t]he sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by *230 law," A.R.Cr.P.Temp. 20.1(c) (presently Rule 32.1(c)).