ON RETURN TO REMAND
This cause was remanded to the trial court with instructions that the State provide gender-neutral explanations for its strikes of male veniremembers.
The trial court, having complied with those instructions, issued an order stating that "[h]aving considered the reasons given in light of the nature of this case, the Court finds that the State has provided valid gender-neutral reasons for the exercise of its peremptory challenges."
The record indicates that the State offered the following explanations for its strikes:
 Juror no. 31: Struck because he knew defense counsel.
 Juror no. 195: Struck because he knew defense counsel and had also served on a jury that had returned a "not guilty" verdict.
 Juror no. 28: Struck because he was employed at Trinity Industry and the district attorney had several outstanding warrants against striking workers employed there. Juror no. 167: Struck because he was employed at U.S. Pipe and was possibly a union member who would be sympathetic to other union workers with warrants issued against them; also struck because prior jury service ended with a hung jury. Juror no. 184: Struck because prior jury service ended with a "not guilty" verdict. Juror no. 64: Struck because he was elderly and did not favor capital punishment. Juror no. 219: Struck because he was of similar age as the appellant and lives in a high drug activity area.
In his brief on appeal, the appellant argues that there were no valid gender-neutral reasons for the State's strikes of jurors nos. 167, 64, and 219. The appellant argues that juror no. 167, an employee of U.S. Pipe, was struck while another juror, a black female employed at U.S. Pipe, was selected for the jury. This argument, however, was not *Page 770 
presented to the trial court at the hearing on the motion; hence, it was not preserved for appellate review. The record is silent as to this matter. See Moon v. State, 580 So.2d 87, 88
(Ala.Cr.App. 1991) (wherein this court held that "[a]llegations in appellant's brief reciting matters not disclosed in the record cannot be considered" on appellate review).
The appellant argues that the State's striking of juror no. 64 based on his age and his opposition to capital punishment is not gender-neutral because this was a noncapital case and any opinion on capital punishment was irrelevant. The record indicates that the prosecutor responded that, although he could not positively recall, he believed that the juror's comment was unsolicited. The State responded that it appeared that the juror could not understand what was being said to him. Cf.Williams v. State, 634 So.2d 1034, 1039 (Ala.Cr.App. 1993) (wherein this court held that "a veniremember's inattentiveness is a sufficiently race-neutral reason for being stricken").
Lastly, the appellant argues that juror no. 219 was struck because of his age and where he lived, which are not gender-neutral reasons. He argues that, while this particular juror was struck, another juror, a black female, who resides in the same high crime area, was selected to serve on the jury. This argument, however, was not presented to the trial court and, thus, was not preserved for appellate review. Moon v.State, supra. Although both of these reasons have been held to be suspect in cases alleging racial discrimination, the reasoning behind that holding would not apply to cases alleging gender discrimination as there is no showing, or even claim, that more males reside in high drug traffic areas than females. Further, because this case involved a drug-related incident in a high drug traffic area, this reason was pertinent to the facts of the case.
The judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.